**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Christopher ANDERSON, Defendant and Appellant.**

**Cr. No. 891.**

Supreme Court of North Dakota.

June 24, 1983.

---

Owen K. Mehrer, State's Atty., Dickinson, for plaintiff and appellee.

Warren C. Sogard, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Christopher Anderson appealed from a judgment of conviction of the crime of gross sexual imposition and an order denying his motion for a new trial. We affirm.

Anderson was charged with a violation of Section 12.1–20–03, N.D.C.C., gross sexual imposition, for having engaged in sexual intercourse with a female (hereinafter referred to as "Joan," a pseudonym) under the age of fifteen years.[1] The criminal complaint alleged the sexual act took place at the mobile home of Joan's sister in Belfield on February 14, 1982. Prior to the trial Anderson moved to "suppress and prohibit the States use as evidence any prior criminal convictions, arrests, acts or wrongs by the Defendant on the grounds the Rules of Evidence 404 and 609 prohibit the use of such evidence, ..." The motion, which was supported by a brief, further requested the trial court to rule on the admissibility of the evidence prior to the start of the trial. Anderson's brief noted that he had two prior convictions,[2] one for burglary and one for escape. He argued that the prior convictions did not involve crimes of dishonesty or false statement and that their probative

---

1. The complaint and information alleged that Anderson engaged in a sexual act with Joan when she was less than fifteen years of age and also alleged that Anderson compelled Joan "to submit by force when the Defendant did force a sexual act upon [Joan], ..." See Section 12.1–20–03, N.D.C.C.

2. The State, in its brief, noted that there were four convictions, not two. Anderson's counsel conceded there were four convictions during the oral argument on the motion. The convictions are for grand larceny and burglary, date of conviction July 14, 1975; burglary, date of conviction October 22, 1975; and escape from a Federal institution, date of conviction July 3, 1976.

value would be outweighed by their prejudicial effect. The State filed a brief resisting Anderson's motion in limine.

The day of the trial, prior to selecting the jury, the trial judge determined that the evidence of the prior convictions would not be admissible under Rule 404, N.D.R.Ev.,[3] but would be admissible under either subdivision (1) or (2) of subsection (a) of Rule 609, N.D.R.Ev., only for impeachment purposes. Thus the trial judge prohibited the State from making any reference to Anderson's prior convictions in its case in chief, but permitted the State to inquire into those prior convictions in its cross-examination of Anderson for the purpose of attacking his credibility if he waived his privilege to not testify and chose to exercise his right to testify.

■ Anderson, in his first issue, argues that the trial court committed reversible error in allowing the State to inquire into his prior convictions.

Rule 609(a), N.D.R.Ev., provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

Anderson's contention is that the prior convictions were not for crimes of dishones-

ty or false statement and therefore cannot be admissible under subdivision (2) of subsection (a) of Rule 609. The question of whether or not the prior convictions were for crimes of dishonesty or false statement is, of course, significant because if they were convictions of such crimes evidence of the prior convictions is automatically admissible for impeachment purposes under Rule 609(a)(2) and the trial court need not consider their prejudicial effect as it must if prior convictions are offered under Rule 609(a)(1). *United States v. Glenn,* 667 F.2d 1269 (9th Cir.1982). Anderson relies here, as he did in his brief to the trial court on the motion in limine, on a line of cases exemplified by *United States v. Seamster,* 568 F.2d 188 (10th Cir.1978), in which the Court indicated the term "dishonesty" as used in the Federal Rules of Evidence was intended by the Congress to limit the term to prior convictions involving some element of deceit, untruthfulness, or falsification which would tend to show that an accused would be likely to testify untruthfully.[4] This is, however, a grey area and courts have differed in the treatment of prior convictions, especially in their treatment of crimes involving the taking of property. Some courts view property crimes as involving dishonesty, while others stress that this category of crime was not included in the *crimen falsi* category. 3 Weinstein's *Evidence* ¶ 609[04], pp. 609–72, 609–73 (1982). State jurisdictions have held that evidence of prior convictions for such crimes as theft, burglary, etc., are indicative of dishonesty. See, e.g., *Frankson v. State,* 645 P.2d 225

---

3. Rule 404(b), N.D.R.Ev., provides that evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4. See *United States v. Glenn,* 667 F.2d 1269 (9th Cir.1982), for a citation to the Federal decisions holding that Rule 609(a)(2) applies only to those crimes that involve some element of misrepresentation or other indicium of a propensity to lie and not to those crimes which,

bad though they are, do not carry with them a tinge of falsification.

*Glenn* also indicates a conviction for burglary or theft may nevertheless be admissible under Rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means but that in such a case the prosecution has the burden of producing facts demonstrating that the particular conviction involved fraud or deceit. Here, as in *Glenn,* the record does not show any of the circumstances surrounding Anderson's prior convictions. We are informed only that the offenses were committed during 1975 and that Anderson pleaded guilty to the charges and, of course, did not testify.

(Alaska App.1982) [robbery is a crime of dishonesty]; *James v. State,* 274 Ark. 162, 622 S.W.2d 669 (1981) [grand larceny, theft of property, and forgery are crimes involving dishonesty]; *State v. Commeau,* 438 A.2d 454 (Me.1981) [in prosecution for rape and gross sexual misconduct, prior convictions for larceny and breaking and entering are crimes highly probative of dishonesty]. And at least one Federal jurisdiction has indicated that grand larceny could have been introduced under Rule 609(a)(2) on the general question of defendant's credibility. *United States v. Del Toro Soto,* 676 F.2d 13 (1st Cir.1982). But see, e.g., *State v. Darveaux,* 318 N.W.2d 44 (Minn.1982) [shoplifting not a conviction which inherently involves dishonesty]; *State v. Ellis,* 208 Neb. 379, 303 N.W.2d 741 (1981) [unless petit larceny offense involves deceit or deception so that it can be classified as *crimen falsi,* it is not an act of dishonesty].[5]

We need not, however, decide this issue today. The trial court, as we have noted, relied on Rule 609(a)(1) as well as Rule 609(a)(2). Under Rule 609(a)(1) the prior convictions need not necessarily be for crimes involving dishonesty or false statement. Anderson, however, also contends the trial court erred in admitting evidence of the prior convictions under Rule 609(a)(1) because it did not conduct an "on-the-record" hearing at which pertinent factors are identified and weighed concerning the admission of the evidence.

We agree that evidence of prior convictions is not automatically admissible under Rule 609(a)(1) but rather the trial judge must, as the rule indicates, determine that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant. In *United States v. Mahone,*

537 F.2d 922 (7th Cir.1976), *cert. denied* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976), the 7th Circuit Court of Appeals urged trial judges to make determinations exercising their discretion under the Rule after a hearing on the record and to explicitly find[6] whether or not the prejudicial effect of the evidence to the defendant will be outweighed by its probative value. Furthermore, the *Mahone* Court listed some of the factors which the judge should take into account in making his determination. They include:

"(1) The impeachment value of the prior crime.

"(2) The point in time of the conviction and the witness' subsequent history.

"(3) The similarity between the past crime and the charged crime.

"(4) The importance of the defendant's testimony.

"(5) The centrality of the credibility issue."

537 F.2d at 929.

In *United States v. Fountain,* 642 F.2d 1083 (7th Cir.1981), *cert. denied* 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981), the defendants argued on appeal that the trial court had not properly articulated the balancing process required by Rule 609 in light of the *Mahone* decision. The appellate court determined that the trial record indicated that the trial judge was aware of the *Mahone* standards and that the trial judge's action showed he was not responding mechanically by allowing any prior convictions into evidence. Although the Circuit Court agreed with the defendants that the trial judge's statement should have been more

---

**5.** Although this court has not previously interpreted Rule 609(a)(2), N.D.R.Ev., we have indicated that under Rule 608(b), a trial court may, in its discretion, allow a witness to be impeached through cross-examination with regard to specific instances of conduct not resulting in a conviction if the proffered conduct is probative of a witness's character for truthfulness or untruthfulness. However, we indicated that whether or not a witness was accused of theft was not probative of his veracity or honesty. *State v. Hilsman,* 333 N.W.2d 411 (N.D. 1983).

**6.** In *Mahone* the trial judge did not make an explicit finding on the record that the probative value of the evidence outweighed its prejudicial effect to the defendant although the Court of Appeals determined that from the record before it, it could not conclude the trial judge had failed to meaningfully exercise its discretion under the rule.

thorough and precise, it concluded that the Court did apply the correct legal standard.

We have examined the transcript of the hearing on the motion in limine as well as the briefs filed by Anderson in support thereof and by the State in opposition thereto. In ruling on the motion the trial judge stated:

"The Court understands that rule [referring to Rule 609(a), N.D.R.Ev.] to mean effectively, . . . that if a prior conviction was punishable by more than one year, . . . the evidence of that conviction may be admitted in impeachment, . . . but only if the Court determines that the probative value outweighs its prejudicial effect. The Court understands there was a prior burglary conviction, . . . which was punishable by more than one year.[7] The second alternative is if the prior conviction involved dishonesty or false statement regardless of the punishment. In other words, if the punishment possibly might have been for one year or less, the Court may still admit the evidence if it involved dishonesty. Under both tests, the Court determines that the evidence would be admissible in impeachment, but, for impeachment purposes only. . . . Similarly, the Court does not feel the probative value is outweighed by its prejudicial effect. If the Court understands the facts of this case correctly, its determination will rest heavily on the credibility which the jurors prescribe to the witnesses particularly that of the victim compared to that of the Defendant if he chooses to testify."

Here, contrary to *Mahone,* the trial judge did make a specific determination, on the record, that the prejudicial effect of the evidence to the defendant is outweighed by the probative value of the evidence. The trial court considered the importance of Anderson's testimony and the centrality of the credibility issue.[8] Although the trial judge may not have specifically stated, in complete detail, his consideration of each of the *Mahone* factors, it is apparent from the record that the trial judge correctly applied the legal standard, that he did not respond mechanically, allowing any prior convictions into evidence, and that he properly exercised his discretion. *Fountain, supra.* Furthermore, after Anderson responded to the State's questions on cross-examination concerning prior convictions, the trial judge immediately cautioned the jury as follows:

". . . normally evidence that an accused person had committed other crimes is not admissible, . . . for any purpose showing any propensity or disposition to commit crimes and it cannot be admitted to show that an accused person is a person of bad character. The only reason we allowed the State's Attorney to inquire into these matters of prior convictions is to reflect upon the reliability of the witness and to consider his credibility as a witness. You may consider this testimony for no other purpose whatsoever."

A similar instruction was contained in the jury instructions given to the jury at the end of the trial.

We find no error on the part of the trial court in admitting the evidence of Anderson's prior convictions.

█ Following the jury verdict, Anderson moved for a new trial alleging as a basis therefor several grounds, all of which involve the same general issue.

The State in this case maintained an "open file"[9] policy which permitted Ander-

---

7. Anderson does not contend that the crimes of which he was convicted were not punishable by imprisonment in excess of one year.

8. The trial judge was correct in his observation concerning the centrality of the credibility issue. Joan testified that Anderson forced her to have sexual intercourse with him. Anderson, in his testimony, denied having any sexual contact with Joan. Credibility of these witnesses thus became a primary issue in the trial.

9. The State was not required to maintain an "open file" policy. See Rule 16, N.D.R.Crim.P. Rule 16(i)(1) provides that "no statement or report in the possession of the prosecution which was made by a prosecution witness or prospective prosecution witness (other than the defendant) to an agent of the prosecution is subject to subpoena, discovery, or inspection until the witness has testified on direct examination."

son's counsel to examine the files of the State's Attorney. During the trial Joan testified that Anderson came to the mobile home between 6 and 6:30 a.m.; that she went back to sleep and some three hours later awoke and went to the bathroom; and that after she left the bathroom she encountered Anderson and it was at this time the sexual imposition took place. Anderson did not file a notice as required by Rule 12.1, N.D.R.Crim.P.,[10] but testified personally and by other witnesses that he was not at the trailer at the time of the alleged rape; that he had been at the trailer, left, and then returned but was absent at the time, according to Joan's testimony, the rape occurred. After the defense rested, the State re-called Joan as a witness and she testified, for the first time, that Anderson left the trailer for a period of time between seven and eight o'clock, but that he returned before 9 to 9:30 o'clock. When asked why she had not mentioned this earlier, Joan replied that no one had asked her. On cross-examination, Anderson's counsel questioned Joan as to whether or not she had told anyone prior to trial that Anderson left the trailer and returned. She testified that she could not remember that far back when she was interviewed by the police officers and that she remembered it one night in bed when "all the flashbacks" came to her. She also testified, in response to a direct question, that she told the State's Attorney about the "flashback" the "last time I saw him." When asked when was the last time she saw the State's Attorney she replied she could not remember but that it was before the trial.

Anderson's counsel claimed surprise and made his position known to the trial court before the case went to the jury. Although Anderson's counsel maintained the State's Attorney was aware of this information and had not provided it to him under the "open file" policy, the State's Attorney maintained he did not remember Joan's telling him that and that it was Joan who said she had told the State's Attorney.

As a result of what Anderson considers to be improper conduct by the State's Attorney he contends his right to a fair trial under the Fourteenth Amendment to the United States Constitution and Section 12, Article I, of the North Dakota Constitution was abridged; that the conduct of the State's Attorney prior to and during the trial constituted prosecutorial misconduct which violated due process; that the introduction of Joan's testimony late in the trial constituted surprise which Anderson's counsel, by exercising due diligence, could not possibly have anticipated; and that the prosecution's suppression of evidence, irrespective of its favorable or unfavorable nature, made it impossible for Anderson's counsel to prepare an adequate defense. Anderson argues that these reasons all justify a new trial "in the interest of justice" as specified in Rule 33, N.D.R.Crim.P.

We have consistently held that a motion for a new trial is committed to the sound discretion of the trial court and that the trial court's judgment in this respect is conclusive unless we can say that in denying the motion such discretion was abused. *State v. McLain,* 312 N.W.2d 343 (N.D. 1981).

In his motion for a new trial Anderson maintained that the action by the State

This portion of the rule is adapted from 18 U.S.C. § 3500, known as the "Jencks Act," and is based on an opinion of the United States Supreme Court in *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). However, Rule 16, N.D.R.Crim.P., has been substantially amended, effective September 1, 1983, to provide that upon the written request of the defendant, the prosecution is required to produce the names and addresses of prosecution witnesses and any statements made by them. The requirement that the person whose statement is produced must first have testified on direct examination is deleted and it is in-

tended that the listed statements be discoverable at any point in the proceedings.

10. Rule 12.1, N.D.R.Crim.P., requires a defendant who intends to offer evidence of an alibi defense to serve written notice upon the prosecuting attorney of that intention. The notice is to contain the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish the alibi.

violated the doctrine set forth in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* held that suppression by the prosecution of evidence favorable to the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution where the evidence is material, irrespective of the good faith or bad faith of the prosecution. *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), discussed the *Brady* decision and indicated that three matters are important in applying that holding: (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence. The *Moore* court determined there is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case, and concluded that the record in that case embraced no violation of the *Brady* principles.

We have examined Anderson's contentions that the action of the State's Attorney somehow violated the *Brady* doctrine in light of the factors set forth in *Moore,* and we conclude that the trial court did not abuse its discretion in denying Anderson's motion for a new trial. There is scant indication in the record that the State's Attorney suppressed any evidence requested by the defense or that Joan's statements were favorable to the defense or material to the issue. We find little merit in Anderson's allegation that he could have prepared an alibi defense had he known in advance that Joan would testify that Anderson left the trailer for a period of time and then returned. Anderson filed no notice of alibi as required by Rule 12.1, N.D.R.Crim.P. His testimony as well as that of his witnesses was to the effect he was not at the trailer during the time the alleged rape occurred. Joan's testimony confirmed Anderson's testimony that he was at the trailer and left, but her testimony on rebuttal did not conflict with her previous statement as to the time the rape took place. In any event, as the trial court noted in its order denying Anderson's motion for a new trial:

"The Court finding that no prejudice has resulted to the Defendant and none has been demonstrated and the Court further being of the opinion that the Plaintiff's tactic in recalling the witness [Joan] in rebuttal and any variation or inconsistency in her rebuttal testimony served primarily to diminish her own credibility ..."

It is apparent that the trial court properly exercised its discretion in determining that a new trial was not required "in the interests of justice." We conclude that the trial court did not abuse its discretion in denying the motion for a new trial.

The judgment of conviction and the order denying the motion for a new trial are affirmed.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.