**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Keith L. FULLER, Defendant and Appellant.**

**Cr. No. 1065.**

Supreme Court of North Dakota.

Dec. 18, 1985.

James F. Twomey (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

Richard L. Nelson and Henry Eslinger (argued), Grand Forks, for defendant and appellant.

MESCHKE, Justice.

Keith Fuller seeks a new trial on charges for burglary and theft of property because the trial judge did not specifically articulate in the record each factor considered in allowing evidence of prior convictions for impeachment purposes. We affirm the conviction.

Property and money stolen from the premises of a real estate office in Fargo were later found in a nearby hotel room. The room was rented by Gerald Ladwig, who consented to the search in Fuller's presence.

Ladwig pleaded guilty and testified for the State. His testimony conflicted with Fuller's account. On direct examination, Ladwig admitted his prior criminal convictions.

Fuller's counsel objected when the State's attorney questioned Fuller on cross-examination concerning Fuller's prior convictions. The trial court then conducted a hearing on the record, out of the jury's presence, to determine the admissibility of

the prior convictions pursuant to Rule 609(a)(1), N.D.R.Evid., and concluded that the probative value of admitting the evidence outweighed the prejudicial effect. The jury subsequently found Fuller guilty.

After listening to Fuller's testimony and reviewing the certified copies of the Minnesota convictions during the admissibility hearing, the court determined that the evidence met the basic requirements of 609(a)(1) and further stated: "The probative value of admitting the evidence outweighs the prejudicial effect of [sic] the Defendant. Therefore, you'll be allowed to inquire...."

Rule 609(a)(1) allows admission of evidence that a witness has been convicted of a crime for the purpose of attacking the witness's credibility if two conditions are met. The crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted and the court must determine that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant. Because the crimes sought to be admitted in this case involved burglary, theft by false representation, robbery and unauthorized use of a motor vehicle, their similarity to the crimes charged in the instant proceeding had an obviously prejudicial effect.

Fuller, relying on this Court's decisions in *State v. Anderson*, 336 N.W.2d 123 (N.D.1983) and *State v. Eugene*, 340 N.W.2d 18 (N.D.1983), contends that the trial court was required to articulate on the record what factors he considered in weighing the probative value against the prejudicial effect. In both *Anderson* and *Eugene* we listed some of the factors that should be considered, as outlined by the Seventh Circuit Court of Appeals in *United States v. Mahone*, 537 F.2d 922 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). Among these factors are the impeachment value of the prior crime, the point in time of the conviction and the witness's subsequent history, the similarity between the past crime and the charged crime, the importance of the defendant's testimony and the centrality of

the credibility issue. In both *Anderson* and *Eugene* we noted that while we would have preferred a more explicit statement of the balancing process, we could not say, in view of the entire record, that the court had "failed to meaningfully exercise the discretion given it by Rule 609(a)(1)." *Eugene*, 340 N.W.2d ,at 34. Our expressed preference is not an absolute requirement, where there was a hearing on the record and an explicit finding which demonstrates that the trial court was not responding mechanically.

Our review of the trial court's ruling is subject to the abuse of discretion standard. *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir.1985). While there may be cases where we would require an itemized articulation, this is not such a case. The purpose of impeachment is to challenge a witness's credibility. Credibility was clearly critical where the key prosecution witness, who had acknowledged his own prior convictions, directly contradicted defendant's version of the circumstances.

The court's ruling was made pursuant to a hearing on the record, out of the jury's presence. After hearing the defendant's testimony as to the time, seriousness and similarity of the prior convictions, the trial court specifically determined that the probative value of admitting the prior convictions outweighed their prejudicial effect to the defendant. The trial court demonstrated its awareness of the rule and carefully complied with it. The jury was properly instructed on the use of prior convictions for impeachment purposes. Certainly, the trial court did not automatically allow the prior convictions into evidence. Accordingly, we conclude that the trial court did not abuse its discretion.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.