**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robert Louis WRIGHT, Defendant and Appellant.**

Cr. No. 870291.

Supreme Court of North Dakota.

July 19, 1988.

---

Weiss, Wright & Paulson, Jamestown, for defendant and appellant; argued by James A. Wright.

Jerome L. Renner, State's Atty., Steele, for plaintiff and appellee. Submitted on brief; no appearance.

GIERKE, Justice.

Robert L. Wright (Wright) appeals from a conviction of driving with a blood alcohol content of 0.10% by weight or greater in violation of Section 39–08–01 of the North Dakota Century Code. We reverse.

On August 8, 1987, at approximately 12:16 a.m., Highway Patrolman Dal Yanke stopped Wright for speeding. Officer Yanke testified that while following the vehicle driven by Wright he observed it drift onto the right shoulder of the highway and then twice cross over into the left passing lane. After stopping the vehicle, Officer Yanke had Wright get out of his vehicle and walk back to the patrol car. Officer Yanke testified that Wright swayed back and forth as he walked to the patrol car. Officer Yanke also testified that Wright had a strong odor of alcohol on his breath, that his eyes were blood-shot and glassy, and that his pupils were dilated. Officer Yanke further testified that Wright admitted that he had been drinking.

Officer Yanke had Wright perform a series of field sobriety tests. After concluding that Wright was under the influence of alcohol or had a blood alcohol content of .10% or greater, Officer Yanke placed him under arrest and transported him to the Kidder County Sheriff's Department. After arriving at the sheriff's department, Officer Yanke requested and Wright consented to the withdrawal of blood for a blood test.

Officer Yanke testified that after breaking the seal and opening the blood alcohol content kit, he took out the glass vial and removed the rubber stopper. Ann Iszler, a registered nurse, drew the blood sample from Wright and injected the blood into the glass vial which was held by Officer Yanke. Officer Yanke testified that he put the rubber stopper back on the vial and rotated it to mix it. After the information required on Form 104 was completed, Officer Yanke placed Form 104 and the vial in a container for shipment and thereafter mailed the container to the State Toxicologist.

At trial, over Wright's objection, the court admitted the evidence of the results of the blood-alcohol test. Wright was found guilty of driving with a blood alcohol content of 0.10% by weight or greater in violation of Section 39–08–01 of the North Dakota Century Code.[1] A judgment of

---

1. Section 39–08–01, N.D.C.C., provides in part as follows:

"39–08–01. Persons under the influence of intoxicating liquor or any other drugs or substances not to operate vehicle—Penalty.

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

conviction was entered on September 28, 1987.

■ The dispositive issue presented in this appeal involves the adequacy of the chain of custody and whether or not the trial court erred in admitting into evidence the results of the blood-alcohol test. Wright argues that the results of the blood-alcohol test should have been excluded because the vial was not properly sealed and labeled as required in the directions for sample collection issued by the State Toxicologist.

The instant case presents an issue identical to the one recently addressed by this Court in *State v. Nygaard*, 426 N.W.2d 547 (N.D.1988). We concluded, in *State v. Nygaard, supra*, that the trial court erred in admitting evidence of the blood-alcohol test results where the officer failed to properly seal and label the vial as required in the directions for sample collection and submission on Form 104 and where no testimony was offered to verify that the blood tested was the same blood collected.

It is undisputed in the instant case that Officer Yanke failed to seal and label the vial as required in the directions for sample collection and submission on Form 104. Also, at trial, the State failed to offer testimony to establish a chain of custody.

Accordingly, we conclude, as we did in *State v. Nygaard*, that the trial court erred in admitting evidence of the results of the blood-alcohol test. Next, we must determine whether or not such error was harmless error under Rule 52(a) of the North Dakota Rules of Criminal Procedure.[2]

■ In reviewing error that occurs during trial we stated in *State v. Micko*, 393 N.W.2d 741, 746 (N.D.1986), as follows:

"Our review of trial court error is guided by Rule 52, N.D.R.Crim.P., which defines errors as harmless and obvious. Rule 52(a), (b), N.D.R.Crim.P. Review is limited to a determination of whether or not the error committed prejudiced the substantial rights of the accused. Rule 52(a), N.D.R.Crim.P. If no prejudice resulted, the error may be disregarded. Rule 52(a), N.D.R.Crim.P.

"Our objective in reviewing this conviction is to determine whether the error was so prejudicial that substantial injury resulted and a different decision probably would have resulted absent the error. *State v. Mehralian*, 301 N.W.2d 409, 418 (N.D.1981); *State v. Manning*, 134 N.W. 2d 91, 99 (N.D.1965). Not every error is prejudicial, however, and unless the mistake had some effect on the jury's verdict, the conviction will stand. *Manning, supra*."

Initially, we note that Wright was convicted of driving with a blood-alcohol content of at least ten one-hundredths of one percent (0.10%) by weight in violation of Section 39–08–01 of the North Dakota Century Code. The only evidence presented at trial which revealed that Wright's blood-alcohol content was above 0.10% was the blood-alcohol test results.

a. *That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.*
b. That person is under the influence of intoxicating liquor.
c. That person is under the influence of any drug or substance or combination of drugs or substances to a degree which renders that person incapable of safely driving.
d. That person is under the combined influence of alcohol and any other drugs or substances to a degree which renders that person incapable of safely driving.
The fact that any person charged with violating this section is or has been legally entitled to use alcohol or other drugs or substances is not a defense against any charge for violating this section, unless a drug which predominantly caused impairment was used only as directed or cautioned by a practitioner who legally prescribed or dispensed the drug to that person." [Emphasis added.]

2. Rule 52, N.D.R.Crim.P., provides as follows:
"RULE 52. HARMLESS ERROR AND OBVIOUS ERROR
"(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
"(b) Obvious Error. Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Accordingly, we believe substantial prejudice resulted from the admission of the blood-alcohol test results. We therefore conclude the error was not harmless and reverse the conviction.

ERICKSTAD, C.J., and LEVINE, J., concur.

VANDE WALLE, J., concurs in result.

MESCHKE, Justice, dissenting.

I respectfully dissent.

I would affirm both of these convictions for reasons similar to those given in my dissent in *State v. Reil,* 409 N.W.2d 99, 105 (N.D.1987). Today's rulings are hypertechnical ones on foundational, evidentiary concerns for blood tests. Under NDREv 104(b) and 901, our standard of review of an evidentiary ruling should be whether the trial court abused its discretion. Since I believe that there was no abuse of discretion in admitting these blood tests as evidence and that any doubts about the authenticity of these blood sample reports go to their evidentiary weight, I respectfully dissent.