**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Merle Thomas BOHE, Defendant and Appellant.**

**Cr. No. 890003.**

Supreme Court of North Dakota.

Oct. 24, 1989.

Feldner & Danielson, Mandan, for defendant and appellant; argued by Rodney A. Danielson.

Wayne D. Goter, Asst. State's Atty., Mandan, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Merle Thomas Bohe from a district court judgment finding him guilty on one count of accomplice to burglary and one count of attempted burglary, both class C felonies, in violation of Sections 12.1-03-01 and 12.1-22-02 respectively of the North Dakota Century Code. We affirm the district court's judgment.

On or about July 12, 1987, the Mandan, North Dakota Community Center was burglarized with entry being made by breaking out a glass window near the south doors of the building. Inside, several video machines had been broken into and the coins deposited in the machines had been stolen.

In the early morning hours of August 21, 1987, an attempted break-in was reported at the Speedway Restaurant located also in Mandan. An alarm system in the building was set off thereby alerting the Mandan Police Department of the attempted burglary and scaring off the burglar. Officer Dennis Bullinger, upon arriving at the scene, noticed that entry had been attempted by prying open a window and removing a screen. Further, Officer Bullinger noticed one set of footprints leading to and from a nearby cornfield, some burglary tools contained in a bag at the edge of the field and a pry bar and flashlight inside the restaurant just below the window where entry had been attempted.

During an August 13, 1987, non-custodial visit with Officer Bullinger, Bohe voluntarily consented to having Bullinger search his vehicle. Bullinger observed a flashlight in Bohe's vehicle identical to the flashlight subsequently found at the Speedway Restaurant. Further, during this August 13, 1987, visit, Bohe informed Officer Paul Leingang of the Mandan Police Department that there was a tire iron on the roof

of the Mandan Community Center which was used in the July 12th burglary of the Center. On August 16, 1987, Officer Leingang, present at the Community Center investigating an unrelated burglary, asked a janitor to go on the roof and look for a tire iron. The janitor retrieved a tire iron and gave it to Officer Leingang.

Thereafter, Bohe was arrested as an accomplice to the Community Center burglary and for the attempted burglary of the Speedway Restaurant. A preliminary hearing was held on June 6, 1988, and Bohe was bound over to district court. A jury trial was held on December 8–9, 1988. After opening arguments, counsel for Bohe moved the court to exclude evidence of Bohe's previous criminal record[1] arguing that such evidence would unfairly prejudice Bohe. The court denied the motion and ruled that Bohe's felony and misdemeanor convictions would be admissible for purposes of impeachment if Bohe should testify. Additionally, during trial, Bohe objected to the admissibility of the tire iron found on the Community Center roof based on insufficient chain of custody grounds. Once again, the court overruled the objection and allowed the tire iron into evidence.

The jury returned a verdict finding Bohe guilty of the offenses of accomplice to a burglary and attempted burglary. Judgment was entered by the district court on December 20, 1988, and Bohe received maximum 5–year sentences on both charges to be served concurrent with each other but consecutive to another sentence Bohe was then serving. This appeal followed.

Bohe raises three issues on appeal. Initially, Bohe contends that the trial court erred in admitting into evidence the tire iron due to an insufficient chain of custody. Next, Bohe contends that the trial court committed reversible error by allowing his prior felony convictions into evidence. Finally, Bohe asserts that the trial court committed reversible error by allowing his prior misdemeanor record into evidence.

Initially, Bohe argues that the trial court committed reversible error by allowing the tire iron found on the roof of the Community Center to come into evidence. Bohe bases his argument on insufficient chain of custody grounds claiming: (1) that the State did not prove a chain of custody from the time of the commission of the offense to the time of trial and (2) that the State failed to prove the tire iron was the same one used in the Community Center burglary.

■ We have held that a proper chain of custody is a foundational requirement to account for the whereabouts of physical evidence up until the time it is admitted at trial to insure that the physical evidence is in "substantially the same condition at the time it is admitted into evidence." *State v. Skjonsby*, 319 N.W.2d 764, 789 (N.D.1982). An unbroken chain of custody is not necessarily a condition for the admissibility of evidence. The admission or exclusion of demonstrative evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 163 (N.D. 1985). If the trial court is reasonably satisfied that the item offered is what it is purported to be and that the condition of the item is substantially unchanged, it is properly admissible into evidence. *State v. Hartsoch*, 329 N.W.2d 367, 370 (N.D.1983). Any defects in the chain of custody goes to the weight of the evidence rather than admissibility of the evidence. *Hartsoch, supra*, 329 N.W.2d at 370.

■ Officer Leingang testified that the tire iron was in his custody since it was recovered from the roof and that the tire iron was rusted as it was when it was retrieved from the Community Center roof. Bohe asserts that chain of custody requirements commence upon the commission or happening of the event in question. Thus, he argues that since Leingang's retrieval of the tire iron occurred approximately one month after the Community Center burgla-

---

1. Bohe's prior record included ten burglary convictions, one conviction for armed robbery, two misdemeanor convictions for theft, and one misdemeanor conviction for fleeing an officer. The State did not intend to introduce the latter misdemeanor charge.

ry, the State has not proven an adequate chain of custody due to the one month delay in retrieving the tire iron after the time of the burglary.

We do not feel this argument has merit in a case such as this where the physical object, a tire iron, is not readily susceptible to alteration. By strictly interpreting Bohe's argument, no physical evidence would be admissible unless the police officers actually witnessed the crime or event of which the physical evidence came about. According to Bohe's argument, there would always be a defect in the chain of custody unless the physical evidence was retrieved immediately after the commission of the crime.

■ Alternatively, Bohe argues that the State has not proven that the tire iron was the same tire iron that was used in the Community Center burglary. We addressed a similar issue in *State v. Motsko,* 261 N.W.2d 860 (N.D.1978). In *Motsko,* the evidence showed an assault and kidnapping victim had possibly been injured by a blunt object. We held that a pipe found beside the defendant's house near the scene of the crime was properly admitted into evidence. We noted in *Motsko* that the State's inability to prove how the pipe was transported from the car, where the assault took place, to the place where it was found beside the house only affected the weight of the evidence, not its admissibility. *See also State v. Hoff,* 324 N.W.2d 820 (S.D.1982) (tire iron found in search of defendant's car not inadmissible in defendant's trial for burglary on grounds that State had failed to connect the tire iron with the door damaged as a result of the burglary); *Gaertner v. State,* 35 Wis.2d 159, 150 N.W.2d 370 (1967) (tire iron found near the scene of an attempted burglary admissible where defendant's accomplice, a witness for the state, testified that a tire iron had been used in the commission of the crime).

However, the tire iron was properly allowed into evidence on more fundamental grounds. Ironically, it was Bohe himself who provided the necessary corroborating evidence linking himself with the tire iron

found on the Community Center roof by informing Officer Leingang that there was a tire iron on the roof of the Mandan Community Center which was used in the July 12th burglary of the Center.

The trial court allowed the tire iron into evidence "for whatever value anyone cares to place on it ... whatever tie ins there are the jury will have to determine...." Thus, we conclude that the trial judge properly admitted the tire iron into evidence and did not abuse his discretion in making his determination.

Bohe argues as his second assertion of error that the trial court improperly admitted his prior felony convictions into evidence for purposes of impeachment, thereby committing reversible error.

■ Rule 609(a), N.D.R.Ev., governs the admissibility of evidence of prior convictions for impeachment purposes. This sections reads as follows:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

We have stated before that while crimes punishable by death or imprisonment in excess of one year require the court to determine whether the probative value of such evidence outweighs the prejudicial effect, no such balancing need occur when the crime is one involving dishonesty or false statement. These crimes are automatically admissible for impeachment purposes because they have the greatest probative value on the issue of truth and veracity. *State v. Eugene,* 340 N.W.2d 18, 30 (N.D.1983). However, we have previously held that convictions for burglary and armed robbery do not necessarily indicate a propensity toward testimonial dishonesty. *Eugene, supra,* 340 N.W.2d at 33. There-

fore, Bohe's prior felony convictions are not automatically admissible under Rule 609(a)(2), N.D.R.Ev. Consequently, the admissability of Bohe's prior felony convictions must be determined after the appropriate weighing under Rule 609(a)(1), N.D. R.Ev.

■ With regard to Bohe's prior felonies, in *State v. Fuller*, 379 N.W.2d 289 (N.D.1985), we listed some of the factors that a court should consider when weighing the probative value of a criminal conviction against its prejudicial effect for purposes of Rule 609(a)(1), N.D.R.Ev. Among these factors are the impeachment value of the prior crime, the point in time of the conviction and the witness' subsequent history, the similarity between the past crime and the charged crime, the importance of the defendant's testimony and the centrality of the credibility issue. *Fuller*, 379 N.W.2d at 290 (citing *United States v. Mahone*, 537 F.2d 922 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976)).

■ We noted in *Eugene* that burglaries reflect adversely in a general sense on a defendant's honesty and integrity. *Eugene, supra*, 340 N.W.2d at 34. Thus, Bohe's prior burglary convictions would seem to involve a high degree of impeachment value. More importantly, the credibility of the defendant and his former accomplice, the State's key witness, was the central issue during the trial. As counsel for Bohe stated in his opening argument, "basically this case comes down to one man's word against another." Thus, in light of the nature of Bohe's prior felonies and of the fact that the credibility of the witnesses was the main issue in the case, the probative impeachment value of Bohe's prior felony convictions appears to outweigh the prejudicial effect of their admission into evidence.

■ In *Eugene*, we expressed our preference that trial judges explicitly articulate their balancing process on the record. Bohe, relying on *Eugene*, contends that the trial court failed to explicitly articulate the balancing of the aforementioned factors thereby committing reversible error. We do not agree.

As this Court stated in *Fuller, supra*, 379 N.W.2d at 290, "our expressed preference is not an absolute requirement, where there was a hearing on the record and an explicit finding which demonstrates that the trial court was not responding mechanically." Our review of the record indicates that the trial court's ruling was made pursuant to a hearing on the record out of the jury's presence. Further, the record indicates that the prosecutor specifically mentioned all of the *Mahone* factors to the court during his argument to resist Bohe's motion to exclude.

■ Additionally, Bohe contends that the trial court failed to take into consideration the similarity of his prior convictions to the two offenses he was charged. We have held that prior convictions are "not inadmissible per se on the issue of credibility merely because the offense involved is identical to that for which the defendant is on trial." *Eugene*, 340 N.W.2d at 35. Although we noted that such instances require particularly careful consideration by the trial judge, the prior conviction of the similar crime need not necessarily be excluded. *Eugene, supra*, 340 N.W.2d at 35 (citing *United States v. Ortiz*, 553 F.2d 782, 784 n. 6 (2d Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 183 (1977)).

In *Eugene*, Donald Eugene was charged and convicted of burglary. On appeal, he asserted the trial court erred in allowing evidence of his two prior burglary convictions for purposes of impeachment. We held that the trial court did not abuse its discretion in allowing Eugene's prior burglary convictions into evidence despite the fact that the two prior burglary convictions were for crimes that were identical to the crime Eugene was charged with. We found that since burglaries generally reflect adversely on a person's honesty and integrity, evidence of such prior convictions were relevant as to Eugene's credibility. *Eugene, supra*, 340 N.W.2d at 34. Likewise, Bohe's prior burglary convictions, which reflected adversely, in a general sense, on his honesty and integrity, were

relevant to the question of his credibility, the main issue in the case.

However, while *Eugene* involved the admission of two prior convictions of a similar crime, this case involves the admission of nine prior convictions similar to the crime of which Bohe is charged, burglary. Presumably, a defendant suffers more prejudice from the allowance into evidence of nine prior convictions of a similar crime rather than two prior convictions.

This Court will not engage in arbitrary line drawing to determine the specific number of prior convictions of a similar crime which a trial judge may or may not allow into evidence. Certainly, the number of prior convictions of a similar crime which a trial judge should allow into evidence, if any, depends on the surrounding circumstances of the particular case.

The instant case closely resembles the *Eugene* case in that, in both cases, the prior convictions and the crime charged involved burglary. Further, credibility of the defendants, who in both cases chose to take the stand, was central to the resolution of the cases. Thus, we find no reversible error in the trial judge's decision to allow Bohe's prior burglary convictions into evidence.

Thus, it appears that the trial court, while not being as explicit as it could have been identifying and weighing the relevant factors, did not, pursuant to an abuse of discretion standard of review, fail to meaningfully exercise his discretion pursuant to Rule 609(a), N.D.R.Ev.

■ As his last assertion of error, Bohe contends that the trial court erred in admitting his prior convictions for misdemeanor theft into evidence for purposes of impeachment on the basis that they were crimes involving dishonesty pursuant to Rule 609(a)(2), N.D.R.Ev. We have interpreted the phrase "dishonesty or false statement" to mean those crimes that bear directly upon the accused's propensity to testify truthfully. *Eugene*, 340 N.W.2d at 32. Accordingly, the theft crimes would not be considered "dishonest" unless they involved deception, misrepresentation, or carried with them a tinge of falsification.

There is no evidence indicating that this was the case.

However, the trial court's error in allowing these misdemeanor convictions into evidence does not amount to reversible error. Error is harmless, and not ground for reversal, under Rule 52, N.D.R.Crim.P., if the error does not prejudice substantial rights of the accused. *State v. Wright*, 426 N.W.2d 3, 5 (N.D.1988). We previously noted in *State v. Micko*, 393 N.W.2d 741, 746 (N.D.1986), that:

> "Our objective in reviewing this conviction is to determine whether the error was so prejudicial that substantial injury resulted and a different decision probably would have resulted absent the error. *State v. Mehralian*, 301 N.W.2d 409, 418 (N.D.1981); *State v. Manning*, 134 N.W.2d 91, 99 (N.D.1965). Not every error is prejudicial, however, and unless the mistake had some effect on the jury's verdict, the conviction will stand. *Manning, supra.*"

Thus, we conclude that any error made was harmless and, accordingly, the verdict of the jury and the judgment of conviction of the district court are affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

I would hold that the trial court abused its discretion in admitting Bohe's prior felony convictions and in doing so, committed reversible error. I therefore respectfully dissent.

In admitting the nine prior burglary convictions, the trial court not only gave no reasons, it gave no hint of an explanation. The majority is simply too gentle when it observes that the trial court was "not as explicit as it could have been [in] identifying and weighing the relevant factors...." Not only was the trial court not explicit, it was downright cryptic.

It is obvious that the only reason for seeking admission of nine prior burglary convictions is to make clear to a jury that a defendant is an unmitigated scoundrel who

did it, and did it, and did it before, and obviously did it again. I have little doubt that the evidence achieved its intended purpose. My only question is: Why bother with the presentation of any other evidence? Nine priors should be more than sufficient to nail a defendant.

We have said that similar-crime convictions are not "per se" excludable. *State v. Eugene*, 340 N.W.2d 18, 35 (N.D.1983). Implicit in that statement is our recognition that similar-crime convictions are inherently prejudicial and unfair and should be admitted only if there is a compelling reason other than to show the bad character of the defendant and one which outweighs the obvious prejudice. But the trial court has not shared with us its reasons for admitting the nine prior burglary convictions and I do not believe that it could have reached its decision to admit them had it weighed the relevant factors and articulated its rationale.

Same-crime convictions should be "sparingly" admitted. 3 Weinstein's Evidence ¶ 609[03] at 609–68 (1989). Judge Weinstein suggests that impeachment be limited to use of a single, prior similar-crime conviction and then only where there are strong reasons for disclosure and where the conviction relates *directly* to veracity. *Id.* at 609–68 to 609–69. However, we have already upheld the admission of two prior same-crime convictions as not prejudicial. *State v. Eugene, supra.* That holding should prescribe the outer limits of admissibility of prior same-crime convictions and our line-drawing should hold fast at that number. It seems to me we had already stretched to its permissible limits the fiction that the prejudice from the admission of two same-crime (burglary) convictions, crimes which are, at best, only generally relevant to credibility, is outweighed by the probative impeachment value. That is as far as we should go.

Every defendant, even one with nine prior convictions, enjoys the presumption of innocence. A defendant should not be compelled to choose between taking the stand and having his record of nine prior convictions admitted.

In any event, there is no disagreement that the trial court abused its discretion in admitting into evidence defendant's prior convictions for misdemeanor theft. That error, in conjunction with what, at the very least, ought to be fairly characterized as the problematic admission of nine prior same-crime convictions, should be deemed prejudicial.

I, therefore, respectfully dissent. I would reverse the judgment of conviction.