Filed 12/20/05 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2005 ND 210

State of North Dakota, Plaintiff and Appellee

v.

Brian Shermer, Defendant and Appellant

No. 20050066

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Per Curiam.

Ladd R. Erickson, State’s Attorney, P.O. Box 1108, Washburn, ND 58577-

1108, for plaintiff and appellee.

Todd A. Schwarz, Parkade Bldg., 2nd Fl., 515-1/2 E. Broadway, Ste. 103, Bismarck, ND 58501, for defendant and appellant.

State v. Shermer

No. 20050066

Per Curiam.

[¶1] Brian Shermer appeals from a criminal judgment and an order denying his motion to suppress evidence following a conditional plea of guilty to possession of marijuana with intent to deliver.  He argues the chain of custody was not properly established when seventeen pounds of marijuana was found in the trunk of his car.

[¶2] Shermer did not challenge the legality of the vehicle search.  
See
 N.D.R.Crim.P. 12(b)(3).  He indicates:  “The whole issue presented to this court is a case of first impression dealing with chain of custody and whether that evidence should be admissible.”  Several North Dakota cases have previously discussed the admissibility of evidence following an alleged chain of custody violation.  
See, e.g.
, 
State v. Huffman
, 542 N.W.2d 718, 721 (N.D. 1996); 
State v. Haugen
, 448 N.W.2d 191, 196 (N.D. 1989); 
State v. Bohe
, 447 N.W.2d 277, 279 (N.D. 1989); 
State v. Hartsoch
, 329 N.W.2d 367, 370 (N.D. 1983); 
State v. Skjonsby
, 319 N.W.2d 764, 789 (N.D. 1982).  These cases have held:  “Any defect in the chain of custody goes to the weight of the evidence rather than the admissibility of the evidence.”  
Haugen
, 448 N.W.2d at 196.

[¶3] We summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶4] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring