STATE of North Dakota, Plaintiff and Respondent,

v.

William PFAFFENGUT, Defendant and Appellant (two cases).

Cr. 266, 267.

Supreme Court of North Dakota.

March 22, 1956.

Rehearing Denied July 2, 1956.

William S. Murray, Bismarck, for appellant.

Duane R. Nedrud, Minot, State's Atty., for respondent.

BURKE, Chief Justice.

Two informations each charging the defendant with the crime of receiving the proceeds of prostitution were filed in the District Court of Ward County. Upon motion of the defendant the cases were transferred to McLean County for trial. Separate trials were had on each charge and the defendant was convicted in both cases. He has appealed from the judgments of conviction. There is but one specification of error in each case.

In case No. 266 it is specified that it was prejudicial error for the state's attorney to ask the defendant on cross-examination the following question:

"Q. A year ago last June you were convicted of operating a disorderly house, weren't you?"

This question was objected to by defendant's attorney and the trial judge sustained the objection. Defendant's attorney then moved for a mistrial upon the ground that the asking of the question was prejudicial error, even though it had not been answered.

In case No. 267, error is specified upon the cross-examination of the defendant with respect to a prior crime. In this case the record shows the following:

"Q. Mr. Pfaffengut, in 1918 you were convicted of the crime of rape, were you not?"

"Mr. Murray: At this time I object upon the grounds—in the first place, this is a question intended to indicate bad character. We have no character witnesses, and therefore, it is wholly improper, it is prejudicial and at this time I ask for a mistrial ?

think there is every ground in the world. I don't think there is anything this Court can say which is going to erase the effect of this question in the minds of the jury.

"The Court: The question can be asked in a proper manner, I think it is proper to ask if he has been convicted of a crime.

"By Mr. Nedrud:

"Q. Have you ever been convicted of a crime? A. Yes.

"Q. What crime? A. For rape.

"Q. When was that? A. In 1917.

"Q. Were you sentenced to the penitentiary? A. Yes sir."

Counsel's sole objection to this examination was that it tended to prove bad character on the part of the defendant, a matter which could not be inquired into unless the issue of character was first raised by the defendant. The fact that the conviction was remote was not called to the trial court's attention.

■ There is a single question of law which we think is controlling in both of these cases. That question is whether a defendant in a criminal prosecution who takes the witness stand in his own behalf may be cross-examined concerning convictions of prior crimes for the purpose of attacking his credibility. From the time of its first consideration of this question in Territory v. O'Hare, 1 N.D. 30, 44 N.W. 1003, this court has consistently held that under the law of this state, such cross-examination is proper. In Territory v. O'Hare, supra, 1 N.D. at page 45, 44 N.W. at page 1008, it was said: "We hold that the right of cross-examination as to outside matters of fact, which affect the general character of the witness, and tend to degrade him, and affect his credibility, is within the limits of a sound judicial discretion, a salutary rule." In State v. Kent (State v. Pancoast), 5 N.D. 516, 557, 67 N.W. 1052, 1063, 35 L.R.A. 518, it was said, "Where a cross-examiner seeks to impair the credibility of a witness by proof of collateral crimes, he should be confined to specific acts. He may ask the witness whether or not he committed the

act, or whether he has been convicted thereof or imprisoned therefor."

To the same effect are State v. Rozum, 8 N.D. 548, 80 N.W. 477; State v. Ekanger, 8 N.D. 559, 80 N.W. 482; State v. Keillor, 50 N.D. 728, 197 N.W. 859; State v. Fury, 53 N.D. 333, 205 N.W. 877; State v. King, 53 N.D. 95, 204 N.W. 969.

■ Counsel for appellant has asked us to reconsider and overrule these decisions. He suggests that in the interest of justice, we should adopt a rule similar to that adopted by statute in England, Criminal Evidence Act of 1918, and in Pennsylvania, 19 P.S.Pa. § 711, or as proposed in the American Law Institute's Model Code of Evidence, Rule 106(3). It is our view, however, that the continued application by this court of the rule first laid down in Territory v. O'Hare, supra, for a period of almost seventy years, has made the question of whether it should now be changed, a legislative and not a judicial question. The judgments appealed from are therefore affirmed.

MORRIS, SATHRE, JOHNSON and GRIMSON, JJ., concur.