Charles STINES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 22, 1977.

Certiorari Denied by Supreme Court Oct. 11, 1977.

Floyd Don Davis, Winchester, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

RUSSELL, Presiding Panel Judge.

This appeal by Charles Stines presents the single question of whether or not one may be convicted of violating T.C.A. § 39–1959 proscribing fraud by the use of a worthless check when the notice per T.C.A. § 39–1960 required to create the statutory presumption of guilty knowledge and criminal intent was not sent until after a criminal arrest warrant had been served, a preliminary hearing held and the accused bound over to the Grand Jury. We hold that the conviction is valid.

The only proof in this case is the State's proof. Stines gave a bad check (insufficient funds) in the amount of $71.35 to Russy's Body Shop in payment for repairs done to his truck, thereby obtaining possession of the repaired truck. Apparently the check was passed on October 23, 1974, and a warrant for Stines' arrest was obtained that same day, without any prior notice to Stines. On February 12, 1975, written notice was sent to Stines by registered letter. He did not pay the check, and was indicted on May 5, 1975. The State, upon the trial on September 17, 1975, proved the passing of the worthless check (insufficient funds), proved the fact of the written notice aforesaid, and proved that the check had never been paid. The appellant put on no proof.

The thrust of the appellant's argument is that he was arrested and charged before he received the written notice (demand to pay), and that he would have been compounding the offense in violation of T.C.A. §§ 39–3102 and 3103, if he had made payment at that time. We reject this argument.

Stines committed this offense when he passed the bad check with fraudulent intent. The proof of this was not exclusively dependent upon the presumption created by T.C.A. § 39–1960 from non-payment after notice. The State could have made out the case by proving fraudulent intent and guilty knowledge in any number of ways. The fact that the State ultimately relied upon the prima facie case made out by notice and non-payment, per T.C.A. § 39–1960, does not foreclose the possibility that the case could have been made out otherwise. In summary, it is not the failure to pay after notice that is the offense. It is passing the worthless check with fraudulent intent that constitutes the crime.

Nor is it compounding the offense to pay such a check upon receipt of written notice. Payment at that time of the amount certainly owed as a civil debt would do no more than nip in the bud any statutory presumption of guilty knowledge and fraudulent intent. The compounding of offenses statutes are clearly inapplicable.

The convicting evidence is legally sufficient and the trial judge correctly refused to direct a verdict of acquittal. Stines'

conviction, with sentence set at 60 days in jail and a fine of $300.00, is affirmed.

DAUGHTREY, J., and FRANK DRO-WOTA, Special Judge, concur.