PEOPLE v TAIT

Docket No. 71771. Submitted February 14, 1984, at Detroit.—Decided
August 6, 1984.

Willie M. Tait was convicted following a jury trial in the Record-
er's Court for the City of Detroit of kidnapping, felonious
assault, and possession of a firearm during the commission of a
felony. At trial, the defendant sought to use evidence of the
complainant's two prior convictions for carrying a concealed
weapon and a single prior conviction for possession of mari-
juana to impeach the complainant's credibility. The trial court,
James E. Roberts, J., exercised its discretion to prevent the use
of one of the convictions for carrying a concealed weapon but
permitted the use of the other two convictions. In the course of
trial, it was revealed that the complainant also had an escape
conviction. The trial court declined to permit the use of evi-
dence of this conviction for impeachment purposes. Defendant
appeals alleging that the exclusion of evidence of some of the
complainant's convictions denied defendant due process by
limiting his ability to confront his accusers. *Held:*

1. The Michigan Rule of Evidence regarding the use of
evidence of prior convictions for impeachment purposes was not
intended to prevent the exclusion of evidence of convictions of
prosecution witnesses.

2. Where a trial court gives full consideration to all relevant
factors and properly concludes that the probative value on the
issue of credibility of the evidence of a prior conviction of a
prosecution witness does not outweigh its prejudicial effect, no
denial of confrontation is presented. The state's interest in the
integrity of the fact-finding process outweighs the defendant's
interest in confronting a prosecution witness with evidence of a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Witnesses § 569 *et seq.*
[3] 21A Am Jur 2d, Criminal Law § 956 *et seq.*
  81 Am Jur 2d, Witnesses § 464.
[4] 81 Am Jur 2d, Witnesses §§ 563, 569.
[5] 81 Am Jur 2d, Witnesses § 580.

prior conviction of low probative value and high prejudicial effect.

3. In view of the nature of the offense and the availability of other convictions for use in impeaching the witness, the Court of Appeals could not say that the trial court committed an abuse of discretion by concluding that the probative value on the issue of credibility of an additional conviction of carrying a concealed weapon did not outweigh its prejudicial effect.

4. The trial court did not abuse its discretion by excluding evidence of the escape conviction since the use of such evidence was prohibited by the Michigan Rules of Evidence because the crime was not punishable by imprisonment for more than one year and did not involve theft, dishonesty, or false statement. Additionally, the probative value on the issue of credibility of a conviction for such a trivial offense not involving theft, dishonesty, or false statement was so low that the Court of Appeals could not say that the defendant had an interest in confronting the witness with the conviction sufficient to support a claim of denial of the right of confrontation.

Affirmed.

1. WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

The use of evidence of prior convictions for impeachment purposes is permitted, with certain limitations, where the court determines that the probative value of the prior convictions on the issue of credibility outweighs their prejudicial effect and articulates on the record the factors considered in making the determination (MRE 609).

2. WITNESSES — CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — PROSECUTION WITNESSES — RULES OF EVIDENCE.

The Michigan evidence rule regarding the impeachment of a witness by evidence of conviction of a crime is not intended to prevent the exclusion of evidence of convictions of prosecution witnesses; however, courts should be more reluctant to exclude evidence of prior convictions of prosecution witnesses than prior convictions of defendants, because the prejudicial effect of the former is inherently less than that of the latter (MRE 609).

3. CONSTITUTIONAL LAW — RIGHT TO CONFRONTATION — WITNESSES.

The right to confront and cross-examine witnesses is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the trial process; however, its denial or significant diminution calls into question the ultimate integrity

of the fact-finding process and requires that the competing interests be closely examined (US Const, Ams VI, XIV).

4. EVIDENCE — PRIOR CONVICTIONS — CHARACTER EVIDENCE — RULES OF EVIDENCE.

Evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith (MRE 404[b]).

5. EVIDENCE — WITNESSES — PRIOR CONVICTIONS — IMPEACHMENT — RULES OF EVIDENCE.

The use of evidence of a witness's prior conviction of a crime for impeachment purposes is prohibited where the crime was not punishable by imprisonment for more than one year or did not involve theft, dishonesty, or false statement (MRE 609[a][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce-Bartee,* Assistant Prosecuting Attorney, for the people.

*Thomas E. Betz,* for defendant on appeal.

Before: T. M. BURNS, P.J., and WAHLS and W. F. HOOD,* JJ.

W. F. HOOD, J. After a jury trial, defendant was convicted of kidnapping, MCL 750.349; MSA 28.581, felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to imprisonment for a term of 2 years for the felony-firearm conviction, followed consecutively by concurrent terms of from 2 to 4 years for the felonious assault conviction and from 2 to 25 years for the kidnapping conviction, and he appeals as of right.

At trial, defendant sought to use evidence of the

* Circuit judge, sitting on the Court of Appeals by assignment.

complainant's two prior convictions for carrying a concealed weapon and single prior conviction for possession of marijuana to impeach the complainant's credibility. The trial court exercised its discretion pursuant to MRE 609 to prevent such use of one conviction for carrying a concealed weapon, although use of the other two convictions was permitted. In the course of trial, it was revealed that the complainant had an escape conviction. The trial court declined to permit use of evidence of this conviction for impeachment purposes.

Pursuant to MRE 609, use of evidence of prior convictions for impeachment purposes is permitted, with certain limitations, if the court determines that the probative value of the prior convictions on the issue of credibility outweighs their prejudicial effect and articulates on the record the factors considered in making the determination. The Michigan rule is based on FRE 609, but contains significant differences in language. Some federal cases construing FRE 609 have concluded that the federal rule leaves trial judges with no discretion to exclude evidence of convictions of prosecution witnesses. *United States v Ortega,* 561 F2d 803 (CA 9, 1977); *United States v Martin,* 183 US App DC 154; 562 F2d 673 (1977); *United States v Nevitt,* 563 F2d 406 (CA 9, 1977). However, these cases were based on language unique to the federal rule. The federal rule requires trial courts to determine whether to permit use of prior convictions by balancing their probative value on the issue of credibility against their prejudicial effect *to the defendant.* The federal cases cited examined the legislative history of the federal rule and concluded that Congress added the language "to the defendant" to prevent the exclusion of evidence of convictions of prosecution witnesses. Our

Supreme Court's failure to incorporate the language "to the defendant" in the Michigan rule indicates that the Michigan rule was not intended to prevent the exclusion of evidence of convictions of prosecution witnesses.

Defendant argues that the exclusion of evidence of some of the complainant's convictions denied him due process by limiting his ability to confront his accusers. US Const, Ams VI and XIV. In *Chambers v Mississippi,* 410 US 284, 295; 93 S Ct 1038; 35 L Ed 2d 297 (1973), the Court explained that, while the right to confront and cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the trial process, its denial or significant diminution calls into question the ultimate integrity of the fact-finding process and requires that the competing interests be closely examined. In *Davis v Alaska,* 415 US 308; 94 S Ct 1105; 39 L Ed 2d 347 (1974), the Court found a denial of the right to confrontation in a state rule prohibiting cross-examination of a prosecution witness concerning his juvenile delinquency record and his status as a juvenile probationer. The Court reached this result by balancing the competing interests of the defendant in confronting the witness with the evidence at issue and of the state in its exclusionary rule. 415 US 319. The circumstances at issue in *Davis* differ from those at issue here in two respects related to balancing defendant's interests against those of the state. First, in *Davis,* defendant sought to use the excluded evidence to show bias and a motive for fabrication, while here defendant sought merely to impeach the general credibility of the prosecution witness. Second, in *Davis,* the state's exclusionary rule was based on a policy of protecting the juvenile offender, a policy unrelated

to the fact-finding process at trial, while here the evidence was excluded for a reason relating to the fact-finding process at trial, namely, that the prejudicial effect of the excluded evidence outweighed its probative value.

In his concurring opinion in *Davis,* 415 US 321, Justice STEWART stated:

"In joining the Court's opinion, I would emphasize that the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions."

Courts in some other jurisdictions have relied on this statement by Justice STEWART to conclude that use of prior convictions to impeach the general credibility of a prosecution witness may be limited by judicial discretion. *Mills v Estelle,* 552 F2d 119 (CA 5, 1977); *Smith v United States,* 392 A2d 990 (DC App, 1978); *People v Harrell,* 112 Ill App 3d 241; 68 Ill Dec 48; 445 NE2d 496 (1983); *State v Schilling,* 270 NW2d 769 (Minn, 1978); *State v Russell,* 625 SW2d 138 (Mo, 1981); *Bilbrey v State,* 594 SW2d 754 (Tex Cr App, 1980). In other jurisdictions, courts have concluded that a refusal to permit use of prior convictions to impeach the general credibility of a prosecution witness *may* present a denial of the right of confrontation under the facts of a particular case. *State v Hillard,* 398 So 2d 1057 (La, 1981); *State v Chaisson,* 123 NH 17; 458 A2d 95 (1983). In these cases, the courts emphasize such factors as the identity of the witness whom defendant seeks to impeach, the importance of the testimony of the witness, whether there is sufficient independent evidence of guilt so that the credibility of the witness pre-

sented no problem of constitutional dimension *(Chaisson,* 123 NH 33), and the availability and effectiveness of alternate methods of impeachment *(Hillard,* 398 So 2d 1060).

The distinctions between these two lines of authority from other jurisdictions appear to us to be illusory. The factors discussed in *Hillard* and *Chaisson* are matters for the trial court to consider in exercising its discretion to admit or exclude evidence of the prior convictions by balancing their probative value on the issue of credibility against their prejudicial effect. Courts should be more reluctant to exclude evidence of prior convictions of prosecution witnesses than prior convictions of defendants, because the prejudicial effect of the former is inherently less than that of the latter. However, the danger that the jury will use evidence of prior convictions of a witness for an improper purpose is a danger affecting the integrity of the fact-finding process. Compare *Chambers v Mississippi, supra.* Therefore, where a trial court gives full consideration to all relevant factors and properly concludes that the probative value on the issue of credibility of the evidence of a prior conviction of a prosecution witness does not outweigh its prejudicial effect, no denial of confrontation is presented. The state's interest in the integrity of the fact-finding process outweighs the defendant's interest in confronting a prosecution witness with evidence of a prior conviction of low probative value and high prejudicial effect.

We recognize that a split of authority exists in this Court on the related issue of whether a denial of the right of confrontation is presented by MRE 609(b), which prohibits use of evidence of a prior conviction for impeachment purposes if more than ten years have elapsed since the date of conviction

or the date of the release of the witness from confinement, whichever is later. Compare *People v Redmon,* 112 Mich App 246; 315 NW2d 909 (1982) (right of confrontation denied), with *People v Carter,* 128 Mich App 541, 548; 341 NW2d 128 (1983) (no denial of right of confrontation). These opinions on a related issue are not controlling authority here, and *Redmon* does not expressly foreclose use of the balancing test specified in MRE 609(a). Moreover, we find *Carter* to be more persuasive than *Redmon,* because the *Redmon* Court, following *Davis v Alaska* by balancing the competing interests of the defendant in confronting the witness with the evidence at issue and of the state in its exclusionary rule, failed to consider in its discussion of the state's interest the fact that the age of a prior conviction makes it less relevant to the credibility of the witness at the time of trial. See *People v Wakeford,* 418 Mich 95, 116; 341 NW2d 68 (1983).

On this record, in view of the nature of the offense and the availability of other convictions for use in impeaching the witness, we cannot say that the trial court committed an abuse of discretion by concluding that the probative value on the issue of credibility of an additional conviction of carrying a concealed weapon did not outweigh its prejudicial effect. In this connection, we note that defendant's brief on appeal demonstrates an intent to use the evidence of the prior conviction for an improper purpose. Defendant states:

"The excluded CCW conviction was highly probative of complainant's character and credibility and its introduction would have further bolstered defendant-appellant's theory that the reason he needed weapons was his fear of complainant and his cohorts being armed."

However, evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith. MRE 404(b).

Moreover, on this record, we cannot say that the trial court committed an abuse of discretion by excluding evidence of the escape conviction. Because the testimony of the complainant on a separate record showed that he escaped from a courthouse after being sentenced to confinement in the House of Correction, the complainant must have been convicted pursuant to MCL 750.197; MSA 28.394. Use of evidence of this prior conviction for impeachment purposes was prohibited by MRE 609(a)(1), because the crime was not punishable by imprisonment for more than one year and did not involve theft, dishonesty, or false statement. Additionally, the probative value on the issue of credibility of a conviction for such a trivial offense not involving theft, dishonesty, or false statement was so low that we cannot say that defendant had an interest in confronting the witness with the conviction sufficient to support a claim of denial of the right of confrontation.

Affirmed.