**George ENG, Plaintiff,**

v.

**Charles SCULLY, R. Hansen, A. Scalf, P. Bendon and J. Holt, Defendants.**

**No. 84 Civ. 5056 (MJL).**

United States District Court, S.D. New York.

Feb. 1, 1993.

---

Cahill Gordon & Reindel, Attorneys by David Januszewski, New York City, for plaintiff.

Gleason, Dunn, Walsh & O'Shea (Ronald Dunn, of counsel), Albany, NY, for defendant Scully.

Peter Henner, Albany, NY, for defendant Hansen.

Angelo & Fitzgerald, Attorneys by Edmund Fitzgerald, Bronxville, NY, for defendant Scalf.

Spiegel, Pergament, Brown & Basso by Joseph Spiegel, Poughkeepsie, NY, for defendants Bendon and Holt.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court are motions in limine by Plaintiff George Eng and by Defen-

dants jointly, requesting that the Court exclude certain evidence proffered by the opposition. For the reasons set forth below, the Plaintiff's motion is granted, and the Defendants' motion is granted in part and denied in part.

## BACKGROUND

This motion arises out of an action resulting from a September 30, 1983, altercation between Plaintiff and Defendants (the "September incident"). Plaintiff Eng is an inmate in the New York State Correctional System. Defendant Charles Scully is Superintendent of the Green Haven Correctional Facility ("Green Haven"), the facility in which the September incident occurred. The remaining Defendants are corrections officers at Green Haven. Plaintiff's action is brought pursuant to 42 U.S.C. § 1983. The issue in this action is whether Defendant corrections officers' use of force against Plaintiff rose to the level of a violation of Plaintiff's Constitutional rights, and whether Defendant Scully is liable as their supervisor for failing to take adequate precautionary measures to protect Plaintiff from such conduct.

The September incident occurred while Plaintiff was being escorted from his temporary residence at Green Haven to a vehicle waiting to transport him to the Clinton Correctional Facility. It is undisputed that force was used against the Plaintiff by Defendants in response to Plaintiff's spitting upon one of the officers; in dispute is the reasonableness of that force.

Plaintiff alleges that while being escorted through the Green Haven facility, one of the Defendants struck at him and directed profanities and epithets towards him. Plaintiff alleges that he responded by spitting and cursing at Defendant. This, he alleges, was followed by an excessive use of force against him by Defendants. Defendants deny that any actions by corrections officers precipitated Plaintiff's conduct or that any improper conduct occurred on their part. Defendants contend that the alleged unprovoked actions of Plaintiff were done for the purpose of evoking a response from Defendants on which Plaintiff could later base a § 1983 action.

## DISCUSSION

### I. *Plaintiff's Motion.*

Plaintiff seeks to preclude Defendants from presenting the following evidence: (1) evidence of Plaintiff's disciplinary records while incarcerated; (2) evidence of Plaintiff's criminal record; and (3) evidence of Plaintiff's prior litigations. Each issue will be addressed below.

### A. Evidence of Plaintiff's Disciplinary Record.

Defendants seek to introduce into evidence the Plaintiff's disciplinary record as an inmate, including a record of his previous confrontations with corrections officers and other inmates, for the purpose of demonstrating his intent to commit an assault and precipitate the September incident. In the alternative, they seek to introduce this evidence to rebut any claim by Plaintiff that his spitting was provoked.

■ Character evidence is not admissible to prove conduct. Rule 404(b) of the Federal Rules of Evidence prevents the admission into evidence of other wrongs or acts to prove the character of a person in order to show that he or she acted in conformity with that character. However, Rule 404(b) does allow for admission of evidence to prove such things as motive, intent, or plan. To be admitted for these purposes, the proffered evidence must still be relevant. Fed.R.Evid. 402, 404(b).

■ The key inquiry here is whether the Defendants use of force was excessive so as to reach the level of a Constitutional violation of Plaintiff's rights. The finder of fact must determine whether force was applied in a good-faith effort to restore order, or whether it was applied maliciously for the purpose of causing harm. *Hudson v. McMillian,* — U.S. —, —, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The force applied by the Defendants is the fact of consequence to the determination of this action; evidence of Plaintiff's intent or motive will not aid the finder of fact in deter-

mining the amount of force applied. Fed. R.Evid. 401. Plaintiff's disciplinary records are not relevant to this action, and are therefore inadmissible.

■ Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility. Fed.R.Evid. 608(b). This rule does not prohibit inquiry into Plaintiff's conduct for impeachment, but does prohibit the introduction into evidence of his disciplinary records. Plaintiff's disciplinary records are not admissible for any purpose.

### B. Evidence of Plaintiff's Criminal Record.

Defendants seek to introduce Plaintiff's criminal record into evidence for the purpose of impeaching Plaintiff as a witness. Plaintiff has been convicted of the following offenses: (1) murder, in 1967, for which he was paroled in 1972; (2) murder, in 1977, for which he is presently incarcerated; and (3) attempted escape from prison, in 1979, the sentence for which ran concurrently with his present sentence and was completed in 1981. Defendants argue that these convictions are admissible under Rule 609 of the Federal Rules of Evidence.

Rule 609 allows impeachment of witnesses by evidence of conviction of crime. Rule 609(a)(1), in essence, allows for the admission of felonies committed by witnesses if the court determines that the balancing tests of that rule are satisfied. This rule is, by its own terms, subject to the balancing test of Rule 403 which provides for the exclusion of relevant evidence if its probative value is substantially outweighed by prejudice, confusion, or waste of time. Rule 609(a)(2) allows evidence that a witness has been convicted of a crime involving dishonesty or false statement, and does not consider the punishment involved or the balancing tests of part (a)(1). Finally, Rule 609(b) imposes a time limitation by providing that evidence of convictions is not allowed if more than ten years has elapsed since either the date of conviction or release of the witness from confinement, whichever is later, unless, in the interests of justice, the probative value of the conviction substantially outweighs its prejudicial effect. Fed.R.Evid. 609(a)(1), (a)(2), (b). The Court will examine the admissibility of the above three prior convictions under this rule.

#### 1. *The 1967 murder conviction.*

■ The 1967 murder conviction is encompassed under the time limitation imposed by Rule 609(b). Notwithstanding that no court in this circuit has interpreted the language of Rule 609(b) as it relates to parole or probationary releases, the rule is clear on its face. The ten-year period begins to run at the time of the "release of the witness from the confinement imposed" on that witness. Fed.R.Evid. 609(b). *See United States v. Daniel,* 957 F.2d 162, 168 (5th Cir.1992) (involving probation). The possibility of parole revocation does not affect this rule provided that the witness has been released from confinement. *Id.* Plaintiff was released on parole in 1972, and the conviction for which he was released is not admissible under Rule 609(b).

#### 2. *The 1977 murder conviction.*

■ The 1977 murder conviction is subject to the Rule 403 balancing test imposed by Fed.R.Evid. 609(a)(1). The probative value of Plaintiff's present murder conviction is that it potentially bears on his propensity to tell the truth; the prejudicial effect is that it might bias the jury against the Plaintiff on the merits of his argument even if not admitted for that purpose.

Murder is not necessarily indicative of truthfulness, and the probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice. The jury will have knowledge that Plaintiff is not of unblemished character; Plaintiff is presently a prisoner and will be at the time of the trial should he choose to testify. The 1977 murder conviction will not be admissible at trial under Rule 609(a)(1) and Rule 403.

#### 3. *The attempted escape conviction.*

■ . The attempted escape conviction is encompassed by the time limitation of Fed. R.Evid. 609(b). Plaintiff's sentence for this

conviction was completed in 1981, more than ten years prior to trial. Rule 609(b) bars admission of this evidence.

Further, the conviction is not the type of crime meant to be included in Fed.R.Evid. 609(a)(2). By using the words "dishonesty" and "false statement" in Rule 609(a)(2), the legislature did not intend that crimes such as attempted escape be admitted as especially indicative of untruthfulness. The Reports of the House and Senate Conference Committees state that the words of this statute encompass crimes such as perjury, false statement, fraud, or offenses in the nature of *crimen falsi* which involve deceit, untruthfulness, or falsification, thus bearing on propensity for truthfulness. Fed.R.Evid. 609 Senate and House committees' notes. Attempted escape is not this type of crime, and evidence of that conviction is not admissible.

### C. Evidence of Plaintiff's Prior Litigations.

■ Plaintiff has been involved in prior litigations as an inmate, and Defendants seek to use this purportedly to show Plaintiff's experience as a witness. Not only is this purpose irrelevant under Rules 401 and 402 of the Federal Rules of Evidence to the issue in question, it would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity. Therefore, this evidence is inadmissible under a Rule 403 or a Rule 404(b) analysis. *Outley v. City of New York*, 837 F.2d 587, 592–93 (2d Cir. 1988) (evidence admissible only to show that previous claims were fraudulent); *Raysor v. Port Authority of New York & New Jersey*, 768 F.2d 34, 40 (2d Cir.1985), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986). Evidence of Plaintiff's prior litigations is not admissible.

### II. *Defendants' Motion.*

Defendants seek to prevent Plaintiff from presenting the following types of evidence: (1) an Inspector General's report on the investigation of the September incident, and the notes used in writing this report; (2) notes of Labor Relations employees summarizing the Inspector General's report; (3) evidence pertaining to an incident involving Plaintiff and Green Haven personnel which occurred in January, 1983 (the "January incident"); (4) evidence of prior incidents of force used by the Defendant corrections officers; and (4) the policies and procedures of the Department of Correctional Services ("DOCS"). The types of evidence sought to be excluded will be addressed below.

### A. Inspector General's Reports and Notes.

■ The admissibility of reports generated by investigators for the New York State Department of Correctional Services Inspector General's Office is governed by Rule 803 of the Federal Rules of Evidence which lists hearsay exceptions. Under that rule, reports of public offices setting forth factual findings from an investigation are admissible in civil actions unless circumstances indicate lack of trustworthiness. Fed.R.Evid. 803(8)(C). This is within the district court's discretion. *Miller v. New York Produce Exchange*, 550 F.2d 762, 769 (2d Cir.), *cert. denied*, 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977).

The reports in question contain statements which constitute hearsay and would not be admissible absent an official report. These statements were gathered by investigators who interviewed the individuals involved in the September incident. Fed. R.Evid. 805, which permits the admittance of double hearsay if each statement conforms with an exception to the hearsay rule, taken in conjunction with the reasoning of other cases, indicates that the reports in question lack trustworthiness. *Cf. Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir.1991) (inadmissible hearsay not admissible because included in a police report); *See generally* Michael A. DiSabatino, Annotation, *Admissibility, Under Rule 803(8)(C) of Federal Rules of Evidence, of "Factual Findings Resulting From Investigation Made Pursuant To Authority Granted by Law*, 47 A.L.R. Fed. 321, 331–32 (1980). All persons who were interviewed in creating the reports are available

to testify at trial. Only that to which the investigators themselves could testify in open court is admissible. Rule 803(8) will not be used to circumvent the hearsay rule. The reports of the Inspector General are not admissible as they contain untrustworthy double hearsay.

Also excluded along with the reports are the investigators' notes of interviews used to create the reports, and the notes of various Labor Relations employees which summarize the essence of the Inspector General's reports. These notes are inadmissible for the reasons above.

Related to the investigations and reports of the Inspector General's office are the caseload index files of the investigators. These files are inadmissible as irrelevant under Fed.R.Evid. 401 and 402.

B. Evidence Related to the January, 1983 Incident Between Plaintiff and Other Green Haven Personnel.

■ Plaintiff alleges that previous altercations between himself and Green Haven staff are relevant to his claims against Defendants. Plaintiff claims supervisory liability on the part of Defendant Scully based on his alleged knowledge of threats to Plaintiff by Green Haven staff. The liability of the Defendant corrections officers, as discussed above, is based on their state of mind at the time of the September incident. Evidence of past conflicts involving Plaintiff in January, 1983, are relevant to Plaintiff's claims against Scully and the other Defendants. Fed.R.Evid. 401. This evidence is therefore admissible. Fed. R.Evid. 402. This evidence goes to Defendants' knowledge, motive, and intent. Although not involving these Defendants, the incident relates to the possibility of there being a motive behind the corrections officers acts and the possibility of Scully's knowing of danger to Plaintiff. Defendants could be prejudiced by introduction of this evidence, but that does not make the evidence "unfairly" prejudicial under Fed. R.Evid. 403. *United States v. Jimenez,* 789 F.2d 167, 171 (2d Cir.1986). Probative value outweighs prejudicial effect. Evidence which could put Scully on notice of danger to Plaintiff, and evidence reflective of the corrections officers' mental state at the time of the September incident, is admissible.

C. Evidence of Prior Unusual Incidents Involving Defendants.

1. *Unusual Incident Reports.*

■ Plaintiff seeks to introduce reports of incidents in which Defendants used force on occasions besides the September incident. The admissibility of evidence of this type is governed by Rule 404(b) of the Federal Rules of Evidence. Such evidence is not admissible to prove character and behavior in conformity with that character; however, provided that it satisfies the probative/prejudicial balancing test of Rule 403, it is admissible to show motive, plan, intent, and knowledge. Fed.R.Evid. 403, 404(b); *United States v. Brennan,* 798 F.2d 581, 589 (2d Cir.1986). Evidence of incidents involving Defendants' use of force is probative of their intent or motive in the instant case. "A plaintiff in an excessive force case is entitled to prove by extrinsic evidence of other instances that the police officer defendant acted 'maliciously and sadistically for the very purpose of causing harm.'" *Ismail v. Cohen,* 706 F.Supp. 243, 253 (S.D.N.Y.1989), *aff'd,* 899 F.2d 183 (2d Cir.1990) (citing *O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir.1988)) (evidence offered to show pattern and intent).

Courts need not make a preliminary finding that a defendant has committed the other alleged acts. *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). It does not matter that Defendants were not convicted of using excessive force nor found to have done so by a judicial or administrative body. *Id.; Ismail,* 706 F.Supp. at 253. Where malicious, aggravated conduct is purportedly involved, reports of this type are admissible.

2. *Letters from Prisoners' Legal Services, and Response Letters.*

■ Plaintiff also seeks admittance of letters written to DOCS from Prisoners'

Legal Services of New York ("PLS") which question the propriety of various incidents at Green Haven, along with the letters of Green Haven staff, especially Scully, in response to those letters. Plaintiff seeks admittance of these items for the same reason he seeks admittance of the Unusual Incident Reports. These items, however, are not probative of state of mind or knowledge, and result in waste of time. Probative value does not overcome potential prejudicial effect. Fed.R.Evid. 403. As the letters are not admissible to show state of mind or knowledge, they would only be admitted for the truth of their inclusions; under the Federal Rules of Evidence 801(c) and 802, the letters constitute hearsay. These items are inadmissible.

D. Policies and Procedures of the Department of Corrections.

■ There are several items of evidence Plaintiff seeks to admit which pertain to DOCS' directives. The first of these lines of evidence addresses changes in inmate handling procedures since the September incident. Evidence of this type is admissible for limited purposes under Fed.R.Evid. 407 which governs the admissibility of subsequent remedial measures. Evidence of subsequent remedial measures is not admissible to prove culpable conduct in connection with an event; however, it is admissible to prove the feasibility of precautionary measures, if controverted, or for impeachment purposes. Fed.R.Evid. 407. Changes in inmate handling procedures implemented after the September incident are admissible only for impeachment or rebuttal.

■ The second type of evidence sought to be introduced pertains to site visit reports generated after the September incident by DOCS. These reports have no relevance to the instant issue, and their admission would be a waste of time. Site visit reports after September, 1983, are not admissible under Fed.R.Evid. 401 and 403.

Inadmissible for reasons similar to site visit reports after the September incident is a site visit report by the New York State Commission of Correction occurring on September 8 and 9, 1983. The contents of this report are irrelevant under Fed.R.Evid. 401 to the instant case. Further, the report would mislead and confuse the jury as to the material and relevant facts of the instant case, and is therefore inadmissible under Fed.R.Evid. 403.

■ Similarly, the report of the Commission of Correction dated October 13, 1978, is not admissible. While relevant to conditions and occurrences at Green Haven prior to the September incident, the report predates the incident in question by five years. Admittance of the reports could result in confusion of the time period to which it pertains with the time period of the September incident, and thereby result in confusion of the issues or mislead the jury. The 1978 report is excluded under Fed.R.Evid. 403.

■ Finally, Plaintiff seeks to introduce Green Haven internal memoranda pertaining to the storage of video tapes of unusual incidents. It is undisputed that the September incident occurred in an area of Green Haven where it could not have been video taped; admittance of the evidence of tape storage will confuse the jury on this issue. This evidence is inadmissible under Fed.R.Evid. 403.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is granted, and Defendants' motion is granted in part and denied in part. The types of evidence which the Court finds admissible and inadmissible are specified above.

It is SO ORDERED.