**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patsy BARB, Defendant–Appellant.**

**No. 93–6040.**

United States Court of Appeals,
Sixth Circuit.

Submitted March 3, 1994.

Decided April 6, 1994.

Rehearing Denied May 31, 1994.

Marvin N. Smith, Asst. U.S. Atty., Greeneville, TN (briefed), for plaintiff-appellee.

Jerry W. Laughlin (briefed), Rogers, Laughlin, Nunnally & Hood, Greeneville, TN, for defendant-appellant.

Before MERRITT, Chief Judge, and MILBURN and SILER, Circuit Judges.

MERRITT, Chief Judge, delivered the opinion of the court, in which MILBURN, Circuit Judge, joined. SILER, Circuit Judge (pp. 696–97), delivered a separate dissenting opinion.

MERRITT, Chief Judge.

This is an appeal of defendant's jury conviction for two counts of aiding and abetting wire fraud in violation of 18 U.S.C. § 1343, for which the district court sentenced her to 24 months imprisonment. On appeal, she raises two assignments of error. First, defendant asserts that the district court improperly admitted evidence of prior misdemeanor convictions for "fraud" in violation of Rule 609(a)(2) of the Federal Rules of Evidence. Second, she contends that the district court erred in refusing to reduce her offense level for being a minimal or minor participant in the criminal activity under § 3B1.2 of the United States Sentencing Guidelines. We find defendant's first argument meritorious and therefore reverse her conviction.[1]

Prior to trial, defendant filed a motion in limine requesting that the government be prohibited from inquiring about her three 1989 Tennessee misdemeanor convictions for issuing worthless checks. The defendant contends on appeal that the court committed reversible error by admitting this evidence in violation of Fed.R.Evid. 609(a)(2), which mandates admission of convictions only if the crimes involve "dishonesty or false statement." She argues that the Tennessee worthless check statute under which she was convicted, Tenn.Code Ann. § 39–14–121, is not a *per se* crime of dishonesty as found by the district court, and that without inquiry into the factual circumstances underlying her convictions, there is no evidence that the convictions involved dishonesty or false statement. The government responds that the Tennessee worthless check statute on its face requires an intent to defraud or knowing misrepresentation, thereby falling squarely within the scope of Rule 609(a)(2).

Tennessee's worthless check statute provides in pertinent part:

(a) A person commits an offense who, with fraudulent intent or knowingly:

(1) Issues or passes a check ... knowing at that time that there are not sufficient funds in or on deposit with the bank....

(b) ... [T]he issuer's ... fraudulent intent or knowledge or both of insufficient funds may be inferred if:

(1) On presentation within thirty (30) days after issuing ... the check ... payment was refused by the bank ... for lack of funds ... and the issuer ... fails to make good within ten (10) days after receiving notice of that refusal.

Tenn.Code Ann. § 39–14–121.[2] In *State v. Goad,* 707 S.W.2d 846, 851 (1986), the Tennessee Supreme Court affirmed a trial court's exclusion of a bad check conviction. The court stated that "[n]o actual records of this incident were introduced, and the trial judge concluded that the proof concerning the prior offense was neither sufficiently

---

1. Because we reverse defendant's conviction, we need not reach the Sentencing Guidelines issue.

2. The dissent raises the question of what version of the Tennessee worthless check statute is relevant to this case. The government concedes in its brief that "[t]he applicable Tennessee statute" under which the defendant was convicted is Tenn.Code Ann. § 39–14–121, which criminalizes not only issuing a worthless check with fraudulent intent but also "knowingly issu[ing] ... a check ... knowing at the time there are not sufficient funds in or on deposit with the bank." (Appellee's Brief at 14–15). No question was ever raised by the government or the defendant in the district court or in the briefs on appeal that a different, former version of the statute is at issue. Consequently, we rely on the parties and the district court that Tenn.Code Ann. § 39–14–121 is the appropriate version in this case.

clear nor relevant to the credibility of the witness to justify its admission."

The Tennessee Court of Appeals, in a 1992 unpublished decision, relied on *Goad* when it found that passing worthless checks is not always a crime of dishonesty or false statement. *Barbee v. Dixon,* 1992 WL 296739 (Tenn.App.1992). In *Barbee,* the trial court allowed the admission of evidence of a witness's Tennessee misdemeanor conviction for passing a worthless check. The court of appeals ruled the admission error, clearly acknowledging that such a conviction is not a *per se* crime of dishonesty: "We have stated that the basis for the prior misdemeanor bad check conviction *may have* involved dishonesty and that such a finding [is] within the trial judge's discretion." *Barbee,* 1992 WL 296739, at *9 (emphasis added).

The government cites *State v. Denami,* 594 S.W.2d 747 (Tenn.Crim.App.1979), for the assertion that the gravamen of the Tennessee statute is fraudulent intent; that the issuer of the check is always implicitly making a false representation that there are sufficient funds for payment of the check. We do not find *Denami* persuasive. *Denami* was a direct appeal of a criminal conviction under a former version of Tennessee's worthless check statute. Tenn.Code Ann. § 39–1959. The defendant argued that the government had not sufficiently proven fraudulent intent because it had not shown that there were insufficient funds to pay the checks at the time the checks were written. The court found, after a review of the evidence presented to the jury, that there was "overwhelming evidence that the checks were delivered with fraudulent intent"; that the defendant knew that he had no money in his account and was attempting to defraud the bank through presentation of three $15,500 checks to different branches of the bank within hours of each other. The evidence showed that he was able to obtain money from the checks despite having no money in his account because of his extensive knowledge and manipulation of the bank's computer system. *Denami,* 594 S.W.2d at 750.

It is clear from the facts of *Denami* that the defendant was attempting to defraud his bank. Further, the statute in *Denami,* un-like the statute under which Barb was convicted, required as an element fraudulent intent. Not only was fraudulent intent not required to convict Barb, but there is no evidence in the record regarding the factual circumstances surrounding the convictions or defendant's knowledge or intent when she wrote the worthless checks. In sum, no evidence establishes fraudulent intent or false statement.

Under *Goad, Barbee* and *Denami,* we find that the district court erred when it admitted the bad check convictions on the basis of the mistaken view that as a matter of law convictions under Tennessee's worthless check statute are crimes of dishonesty. While it is clear that a conviction for worthless checks may qualify for admission under Rule 609(a)(2), it is equally clear that the statute criminalizes simply writing a check "knowing at the time there are not sufficient funds...." Such a conviction is not, as a matter of law, a conviction involving dishonesty and adds nothing to the factfinder's ability to judge the credibility or propensity for truthfulness of a witness, the purpose of Rule 609(a)(2). *See United States v. Cunningham,* 638 F.2d 696, 698 (4th Cir.1981) (citing H.R.Conf.Rep. No. 93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S.C.C.A.N., pp. 7051, 7098, 7103). We are unable to say that the admission of this evidence was harmless error. This was a hard fought fraud case, and this evidence of fraud in other cases may well have made a significant impact on the jury.

Accordingly, the judgment of the district court is reversed and the case is remanded for a new trial.

SILER, Circuit Judge, dissenting.

I respectfully dissent from the decision by the majority that the use of three Tennessee misdemeanor convictions for impeachment of the defendant was reversible error. As the majority has not discussed the Sentencing Guidelines issue, I also decline to express an opinion on that question.

Under Fed.R.Evid. 609(a)(2), if a witness has a prior conviction for a crime involving dishonesty or false statement, the court does

not have discretion to deny its admissibility, unless it is more than ten years old or there are other problems with the conviction, not in issue in this case. *See United States v. Morrow,* 977 F.2d 222, 228 (6th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993).

Defendant's prior worthless checks convictions involved dishonesty. There seems to be a question about what section of the Tennessee statutes was applicable at the time Barb committed her bad check violation. The majority uses Tenn.Code Ann. § 39–14–121, which is also cited by the government in its brief. Defendant does not cite any particular section. Nevertheless, the presentence report shows that although the convictions occurred in September 1989, they were based upon passing or issuing worthless checks in March and April, 1988. It appears that Tenn.Code Ann. § 39–14–121, adopted in 1989 and amended later, is a modification of the previous law, Tenn.Code Ann. § 39–3–301, which provided in pertinent part:

> It shall be unlawful for any person with fraudulent intent to make or draw or issue or utter or deliver any check ... for the payment of money drawn on any bank ... for the purpose of obtaining money, or any article of value, or to obtain credit, knowing at the time of making, drawing, uttering or delivering said ... check ... that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank ... for the payment of such check ... in full, and all other checks ... upon such funds then outstanding.

Nevertheless, under either of the statutes, the violations involved dishonesty. As the majority opinion recites, *State v. Denami,* 594 S.W.2d 747, 750 (Tenn.Crim.App.1979), held, "The gravamen of the offense charged is the fraudulent intent with which the check is passed or uttered." *Denami* followed *Stines v. State,* 556 S.W.2d 234, 235 (Tenn.Crim.App.1977), which stated: "It is passing the worthless check with fraudulent intent that constitutes the crime." The decision in *State v. Goad,* 707 S.W.2d 846, 851 (Tenn. 1986), is not to the contrary. In that case, the Tennessee Supreme Court found no abuse of discretion when the trial judge concluded that the proof of prior bad check convictions was not sufficiently clear nor relevant to the issue of credibility of the witness who had been convicted. Thus, the trial court had the discretion to exclude the convictions under Tennessee law. Likewise, in the unpublished decision of *Barbee v. Dixon,* 1992 WL 296739 (Tenn.App. Oct. 21, 1992), the court of appeals found error when the trial court held the probative value of the misdemeanor bad check conviction outweighed any prejudicial effect to the plaintiff in a civil case. The error was not in the use of a prior misdemeanor conviction for impeachment, but it was in the way that defense counsel raised it in questioning the plaintiff.

Therefore, I would rely upon the language from *Denami* and the decisions from other federal courts which have held that worthless check convictions involved dishonesty and, therefore, are admissible under Fed.R.Evid. 609(a)(2). *See, e.g., United States v. Kane,* 944 F.2d 1406, 1412 (7th Cir.1991); *Wagner v. Firestone Tire & Rubber Co.,* 890 F.2d 652, 655 n. 3 (3d Cir.1989); *United States v. Rogers,* 853 F.2d 249, 252 (4th Cir.), *cert. denied,* 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988); *United States v. Mucci,* 630 F.2d 737, 743 (10th Cir.1980). Thus, I conclude that the district court did not err by allowing the use of these prior misdemeanor convictions for impeachment purposes.