**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Donald Jess EUGENE, Defendant and Appellant.**

**Cr. No. 950022.**

Supreme Court of North Dakota.

Aug. 29, 1995.

Patricia L. Burke (argued), State's Atty., Bismarck, for plaintiff and appellee.

Rodney Karl Feldner (argued), Mandan, for defendant and appellant.

NEUMANN, Justice.

Donald Eugene appealed from a judgment of conviction for delivering a controlled substance in violation of Sections 19–03.1–23, 19–03.1–05(5)(s) and 12.1–32–01(3), N.D.C.C. We hold the court's error in admitting two prior convictions to impeach Eugene's testimony did not affect substantial rights of the defendant, and we affirm the judgment of conviction.

Before trial, Eugene filed a motion in limine to preclude the State from admitting evidence of two prior convictions, for felony escape and for possession of an imitation controlled substance with intent to deliver, to impeach Eugene's testimony at the trial. The motion was denied. Eugene testified, and evidence of the prior convictions was introduced to the jury for impeachment purposes. On appeal, Eugene asserts the trial court erred in admitting this evidence.

Rule 609(a), N.D.R.Ev., governs the admissibility of evidence of prior convictions for impeachment purposes. At the time of Eugene's trial, the rule provided:

"*General Rule.* For the purpose of attacking the credibility of a witness, (i) evidence that a witness other than an accused has been convicted of a crime must be admitted, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused; and (ii) evidence that any witness has been convicted of a crime must be admitted if it involved dishonesty or false statement, regardless of the punishment." [1]

Under Rule 609(a)(ii), N.D.R.Ev., evidence of prior convictions involving dishonesty or false statement are automatically admissible to impeach the testimony of any witness, including the accused. *State v. Eugene*, 340 N.W.2d 18, 30 (N.D.1983). The State argues Eugene's prior conviction for possession of an imitation controlled substance with intent to deliver was automatically admissible under this provision. We disagree.

To be admissible under Rule 609(a)(ii), N.D.R.Ev., the prior conviction must involve a crime that bears directly upon the accused's propensity to testify truthfully. *Eugene, supra*, 340 N.W.2d at 31. The prior crime must involve deception or misrepresentation, or carry with it a tinge of falsification. *State v. Bohe*, 447 N.W.2d 277, 282 (N.D. 1989). The crime of possession of an imitation controlled substance with intent to deliver does not necessarily involve dishonest conduct or false statement, because the defendant's belief that the substance being delivered was actually a controlled substance, not an imitation, is no defense to the charge. Section 19–03.2–03(3), N.D.C.C. The State concedes the defendant's knowledge that the substance being delivered was imitation is not an element of the crime. In those cases where the defendant believes he was dealing with real, not imitation, contraband, the defendant's conduct, although unlawful, would not involve dishonesty or deception. The record in this case contains no particulars about the underlying circumstances of Eugene's prior conviction for possessing an imitation controlled substance with intent to de-

1. Effective January 1, 1995 the rule was amended to specifically state admission of evidence that a witness other than an accused has been convicted of a crime is "subject to Rule 403." The explanatory note says the purpose of this amend-

ment was "to track the 1990 federal amendment." The note also explains that 1990 amendments to the rule were "technical in nature and no substantive change is intended."

liver it. It is impossible, therefore, to determine if his conduct on that prior conviction involved false statement or dishonesty. Consequently, that prior conviction is not automatically admissible under Rule 609(a)(ii), N.D.R.Ev.

■ The State alternatively argues that both the prior conviction for felony escape and the conviction for possession of an imitation controlled substance with intent to deliver are admissible under Rule 609(a)(i), N.D.R.Ev. Admission of prior convictions under Rule 609(a)(i), N.D.R.Ev., requires the trial court to weigh the probative value of a prior conviction and its prejudicial effect. This court in *State v. Anderson*, 336 N.W.2d 123, 126 (N.D.1983), *citing United States v. Mahone*, 537 F.2d 922 (7th Cir.1976), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976), listed the factors the judge should take into account in making its determination:

" '(1) The impeachment value of the prior crime.

" '(2) The point in time of the conviction and the witness' subsequent history.

" '(3) The similarity between the past crime and the charged crime.

" '(4) The importance of the defendant's testimony.

" '(5) The centrality of the credibility issue.' "

The list does not exhaust the range of possible factors a trial court may consider, but it does outline the more basic concerns relevant to balancing the probative value and prejudicial effect of admitting a prior conviction into evidence for impeachment purposes. It is important for the trial court to explicitly articulate its balancing process so this court can determine whether the trial court followed the requirements of the rule in deciding to admit the evidence. *Eugene, supra*, 340 N.W.2d at 34. We review the trial court's admission of evidence under this pro-

vision under the abuse of discretion standard. *State v. Fuller*, 379 N.W.2d 289 (N.D.1985).

In making its initial determination on Eugene's motion to exclude the prior convictions, the court made the following statement:

"I would admit and would permit examination concerning the imitation controlled substance. We are dealing here with a charge involving controlled substances and I think there is a nexus there. The escape, it does deal with a question ... that very much is a question of credibility,[2] and I would permit that examination also."

When Eugene renewed his objection during the trial, the court merely stated its decision remained unchanged and that "I have made the balance."

■ The record in this case does not show that the trial court meaningfully or appropriately considered the relevant factors in balancing the probative value of Eugene's prior convictions to impeach his testimony against their prejudicial effect on the jury in reaching its verdict. The court's statements provide very little information about its decision process. What little explanation the court did give suggests it inappropriately considered and weighed the similarity between the prior conviction for intent to deliver an imitation contraband and the current charge against Eugene in this case for delivery of a controlled substance.

The court said it was admitting the imitation controlled substance conviction because it was similar to the charged crime. However, similarity between a prior conviction and the crime charged militates against admitting the prior conviction under Rule 609(a)(i), N.D.R.Ev. Although a prior conviction is not inadmissible per se because it is similar to the offense for which the defendant is on trial, the court must be particularly careful about admitting such prior convictions because of the potential prejudice. *State v. Bohe*, 447 N.W.2d at 281–282. Potential for prejudice is greatly enhanced when the prior offense is similar to the one for which the

---

**2.** The crime of escape is generally recognized as not directly involving dishonesty or deception. *See, e.g., Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y.1993); *People v. Holt*, 208 Cal.Rptr. 547, 557, 37 Cal.3d 436, 454–55, 690 P.2d 1207, 1217 (1984); *People v. Tait*, 136 Mich.App. 475, 356 N.W.2d 33, 36 (1984). Furthermore, the State did not attempt to admit Eugene's felony escape conviction under Rule 609(a)(ii), N.D.R.Ev., as a crime involving dishonesty or false statement.

defendant is on trial. *United States v. Causey,* 9 F.3d 1341, 1344 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1412, 128 L.Ed.2d 83 (1994); *United States v. Shapiro,* 565 F.2d 479, 481 (7th Cir.1977); *United States v. Puco,* 453 F.2d 539, 542 (2d Cir. 1971), *cert. denied,* 414 U.S. 844, 94 S.Ct. 106, 38 L.Ed.2d 82 (1973); *see also* 3 Weinstein's Evidence ¶ 609[03] at 609–37 (1995). In *Shapiro, supra,* 565 F.2d at 481, the federal appellate court succinctly explains why similarity of the prior conviction to the crime charged militates against using the prior conviction for impeachment purposes:

"In exercising his discretion on admission of such evidence, the trial judge must consider several factors, most importantly the danger of unfair prejudice. When the prior conviction and the charged act are of a similar nature, the danger increases. The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary."

If the prior conviction is similar to the crime charged, there is a heightened danger the jury will use the evidence not only for impeachment purposes, but also substantively. *State v. Gassler,* 505 N.W.2d 62, 67 (Minn. 1993).

■■■ Compare the trial court's Rule 609, N.D.R.Ev., analysis with the admission of evidence under Rule 404(b), N.D.R.Ev., where acts similar to the one charged may be admitted as substantive evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See State v. Ohnstad,* 359 N.W.2d 827 (N.D.1984). However, the State did not offer the prior convictions as substantive evidence under Rule 404(b), N.D.R.Ev. Unfortunately, the trial court failed to provide an adequate explanation for us to conclude it appropriately exercised its discretion in admitting the prior convictions for impeachment of Eugene's testimony under Rule 609(a)(i), N.D.R.Ev.

Our conclusion that the trial court did not meaningfully exercise its discretion in admitting the prior convictions does not end our inquiry, however, because the error is harmless and not grounds for reversal under Rule 52(a), N.D.R.Crim.P., if it does not prejudice substantial rights of the accused. *State v. Bohe, supra,* 447 N.W.2d at 282. When nonconstitutional error occurs during a trial, our objective in reviewing its effect is to determine whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error. *State v. Schimmel,* 409 N.W.2d 335 (N.D.1987). Having reviewed the record in this case, we are not convinced there would have been a different verdict in this case if the prior convictions had not been admitted to impeach his testimony.

■■■ During the trial, a prior burglary conviction was also introduced to impeach Eugene's testimony, and Eugene did not object to admission of that evidence. The additional admission of these two other prior convictions did not likely have a substantial prejudicial effect. *See State v. Johnson,* 231 N.W.2d 180, 187 (N.D.1975). Also, the reference to the prior convictions was very brief. Eugene testified on direct examination that these prior convictions occurred. On cross-examination the only question the State asked Eugene about the prior convictions was the dates of their occurrence. No embellishment or details about the convictions were brought before the jury, either by evidence or by argument of counsel.

Under these circumstances, Eugene has not persuaded us the admission of the prior convictions affected the decision of the jury, and, therefore, we conclude the error was harmless.

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

I agree wholly that the trial court erred in admitting Eugene's two prior convictions. I disagree that the error is harmless.

Harmless error is defined as "any error, defect, irregularity or variance which does not affect substantial rights." NDRCrimP

52(a). Stated simply, harmless error is error that is not prejudicial to the defendant. *State v. Schimmel*, 409 N.W.2d 335, 339 (N.D.1987). We have held many evidentiary errors to be harmless error. *See, e.g., Schimmel*, 409 N.W.2d at 335 [admission of on-site chemical screening results]; *State v. Padgett*, 410 N.W.2d 143 (N.D.1987) [admission of codefendant's conviction]; *Blotske v. Leidholm*, 487 N.W.2d 607 (N.D.1992) [admission of hearsay testimony].

Only twice before have we held harmless an erroneous admission related to a defendant's prior conviction. In *State v. Bohe*, 447 N.W.2d 277 (N.D.1989), two prior misdemeanor theft convictions were erroneously admitted to impeach the defendant. *Id.* at 282. The *Bohe* court found this to be harmless in light of the fact that nine prior burglary convictions were properly admitted to impeach the defendant. *Id.* In *State v. Johnson*, 231 N.W.2d 180 (N.D.1975), a prior conviction was properly admitted against a defendant, but an error was made in admitting too much information about it. *Id.* at 185. The *Johnson* court found this to be a "technical error." *Id.* Both of these cases are distinguishable from this case: none of Eugene's prior convictions should have been admitted at all.

The very reason prior convictions are so carefully segregated and regulated by our Rules of Evidence is that they are intrinsically prejudicial. It is a basic principle of evidence law that the bad character of a defendant cannot be used to prove present guilt. 1A J. Wigmore, Evidence § 57 at 1185 (Tillers rev. 1983). "The deep tendency of human nature to punish not because our victim is guilty this time but because he is a bad man and may as well be condemned now that he is caught is a tendency that cannot fail to operate with any jury, in or out of court." *Id.* Regardless of this truism, however, many states, including North Dakota, long allowed the free use of prior convictions to impeach testifying defendants. *See State v. Pfaffengut*, 77 N.W.2d 521, 522 (N.D.1956). This practice was obviously in tension with the fact that "the divulgence of his criminal past exposes the witness to the hazards of jury prejudice." 3 Weinstein's Evidence ¶ 609[02] at 609–29 (1995). Ultimately, "[t]he combination of low probative value of prior conviction evidence and the high possibility of prejudice—particularly in the case of criminal defendants" prompted reform of the rules governing admissibility of prior convictions. *Id.* ¶ 609[02] at 609–31. Federal Rule of Evidence 609 was a product of the movement to reform evidence rules, and reflects an awareness of the "unique risk of prejudice" faced by criminal defendants who wish to testify on their own behalf.[1] *Id.* ¶ 609[04] at 609–42.

This court has recognized that NDREv 609 is "almost identical" to Federal Rule 609. *State v. Eugene*, 340 N.W.2d 18, 31 (N.D. 1983). Therefore, it is appropriate to consider how the federal courts interpret this rule. *State v. Farzaneh*, 468 N.W.2d 638, 641 (N.D. 1991). Federal courts, applying Rule 609, have recognized that an inherent risk of prejudice exists when prior conviction evidence is admitted against a criminal defendant. In *United States v. Roenigk*, 810 F.2d 809 (8th Cir.1987), the court held an admission of prior criminal conduct evidence against the defendant to be improper when the evidence was not introduced for purposes of impeachment and when it was irrelevant to the offense charged. *Id.* at 816. The court stated that "[t]he problem with excessive references to the details of prior criminal conduct is that the jury is likely to infer that the defendant is more likely to have committed the offense for which he is being tried than if he had previously led a blameless life." *Id.* at 815. Emphasizing the need for great caution in the admission of prior conviction evidence against a criminal defendant, the court in *United States v. Brown*, 794 F.2d 365 (8th

---

1. Montana went even farther than the federal government when it adopted its own version of Rule 609: its rule flatly disallows the use of prior conviction evidence for impeachment. Mont. R.Evid. 609. The Montana commissioners indicated that allowing admission of prior convictions to impeach can discourage defendants from testifying on their own behalf and lead to undue prejudice when they do testify. Mont.R.Evid. 609 Comm'n Comments. The commissioners also stated that they did not "accept as valid the theory that a person's willingness to break the law can automatically be translated into willingness to give false testimony." *Id.*

Cir.1986), observed that "[w]hen the accused takes the stand, there is an obvious danger that the jury will view evidence of past conviction as evidence of present guilt." *Id.* at 366. In cases in which the lower courts erroneously admit prior conviction evidence against a criminal defendant, the federal courts tend to find such admission harmful when the case otherwise is close. *See United States v. Slade*, 627 F.2d 293 (D.C.Cir.1980) [erroneous admission of prior conviction evidence harmful when the record showed that other evidence against the defendant was weak or unreliable]; *United States v. Barb*, 20 F.3d 694 (6th Cir.1994) [erroneous admission of prior conviction evidence harmful when the case was hard fought and it was possible that prior conviction evidence had a significant impact on the jury].

Therefore, we exclude evidence of prior convictions because their prejudice often outweighs any probative value. If that is so, how can their erroneous admission, that is in a situation where their prejudice outweighs their probative value, be harmless, that is, nonprejudicial?

I respectfully dissent.