IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 18, 2007 Session

## GEORGE T. HAYNIE, JR. v. RICKY BELL, Warden,
## and THE STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 06C-786    Thomas W. Brothers, Judge**

---

**No. M2006-02752-CCA-R3-CV - Filed on June 22, 2007**

---

The Petitioner, George T. Haynie, Jr., appeals the denial of his petition for a writ of habeas corpus. The Petitioner, serving a sentence of nine years for two convictions for passing worthless checks, alleges that his judgments of conviction are void because (1) the affidavit in support of the arrest warrant failed to disclose that the Petitioner had made partial payment towards the debt, (2) the indictment failed to make any reference to written notice, (3) accepting partial payment from the Petitioner constituted an election to pursue the matter civilly, and (4) the State engaged in prosecutorial misconduct. After a review of the record and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Nicholas W. Utter, Nashville, Tennessee, for the appellant, George T. Haynie.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Clay Johnson, Assistant District Attorney General, for the appellee, Ricky Bell, Warden, State of Tennessee.

**OPINION**

**Factual Background**

The Petitioner's convictions arise from his guilty pleas to one Class D felony count of passing a worthless check and one Class A misdemeanor count of passing a worthless check. See Tenn. Code Ann. § 39-14-121. The facts underlying the convictions were set forth by this Court in the Petitioner's post-conviction appeal as follows:

On August 14, 1998, an agent for Harpeth Ford signed an Affidavit of Complaint on an arrest warrant alleging that the Petitioner had passed two bad checks at Harpeth Ford on July 27 and July 28, 1998. The Affidavit of Complaint alleged that the amount of the checks was $2,286.99 and $319.62. The originals of these checks were attached to the affidavit and are included in the Court's file. (The check in the amount of $2,286.99 is check # 0748, drawn on an account at First American National Bank, dated July 28, 1998, and payable to Harpeth Ford. The check in the amount of $319.62 is check # 1275, drawn on an account in the name of George T. Haynie, d/b/a/ HAYN-CO HOME IMPROVEMENTS. This check is to the order of "Harpeth" and lists George T. Haynie as the payor.) Both checks were returned as "account closed."

George Thurman Haynie, Jr. v. State, No. M2001-01522-CCA-R3-PC, 2002 WL 464822, at *1 (Tenn. Crim. App., Nashville, Mar. 26, 2002), perm. to appeal denied, (Tenn. Sept. 16, 2002). For these offenses, the Petitioner received an effective sentence of nine years as a Range III, persistent offender. See id. at *2.

The Petitioner filed a notice of appeal from the sentence imposed by the trial court, but he later voluntarily dismissed the appeal. See id. at *1. Shortly thereafter, the Petitioner filed a petition for post-conviction relief. See id. at *1. The post-conviction court denied the Petitioner relief, and this Court affirmed on appeal. See id. at *9.

In the Davidson County Circuit Court, the Petitioner filed a petition for habeas corpus relief on March 29, 2006, and a second petition on April 13, 2006. Counsel was appointed to represent the Petitioner, and an amended petition was filed on August 3, 2006. As grounds for relief, the Petitioner presented the following issues:

1. Whether the election provision of Tenn. Code Ann. § 47-29-101(e) has the effect of divesting the Circuit Court of subject matter jurisdiction to adjudicate a criminal matter filed against a person pursuant to Tenn. Code Ann. § 39-14-101 et[] seq.

2. Whether, by accepting partial payment and agreeing to repayment terms, Harpeth made an election pursuant to Tenn. Code Ann. § 47-29-101(e) so as to bar prosecution of [the Petitioner] in Circuit Court under Tenn. Code Ann. § 39-14-101 et seq[].

3. Whether the ten day notice provision of the criminal statute is a jurisdictional prerequisite to proceeding under Tenn. Code Ann. § 39-14-121.

4. Whether Article 1, Section 18, forbidding imprisonment for debt, is applicable under the facts and law herein, making further detention of the Petitioner unconstitutional.

5. Whether Harpeth's actions in accepting partial payment and agreeing to terms for repayment changes the nature of the cause from criminal to contractual.

The State filed a motion to dismiss the petition, contending that the Petitioner's claims would only render the judgments voidable, not void. Several responses to the motion to dismiss were filed by the Petitioner himself or on his behalf by counsel.

A hearing was held on October 6, 2006, at which time the habeas corpus court heard arguments for and against the State's motion to dismiss the petition.[1] At the hearing, the court granted a motion by the Petitioner to supplement his pleadings with allegations that the prosecutor "failed to reveal exculpatory evidence to the Petitioner, and with allegations of fraud leading to his conviction." By written order filed November 15, 2006, the court dismissed the petition, concluding that "the judgments of conviction were not facially void and that the Petitioner[']s term of imprisonment had not expired."

Motions to reconsider were filed by the Petitioner himself and also by his counsel. The habeas corpus court heard argument on the motions on November 17, 2006, and denied the motions.[2] The Petitioner then filed a notice of appeal to this Court.

**ANALYSIS**

The determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001), overruled in part on other grounds by State v. Summers, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment

---

[1] A transcript of this proceeding is not included in the record on appeal. The State argues that the Petitioner's arguments are therefore waived because there is not a complete record for this Court's review. However, the Petitioner filed a notice pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure that no transcript or statement of the evidence was to be filed. The State did not respond. We decline to find waiver of the issues presented.

[2] Again, we note that a transcript of this proceeding is not included in the record on appeal.

-3-

of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

At the outset, we note that the Petitioner has substantially complied with the pleading requirements for filing a petition for a writ of habeas corpus relief. See Tenn. Code Ann. § 29-21-107. The Petitioner's issues on appeal challenge the subject matter jurisdiction of the trial court to adjudicate the case and the dismissal of his Brady v. Maryland, 373 U.S. 83 (1963), claim without an evidentiary hearing.

## I. Insufficient warrant or indictment

First, the Petitioner attacks the affidavit in support of the arrest warrant.[3] Specifically, he argues,

> It is [the Petitioner's] contention that, in the original affidavit of complaint, Harpeth Ford failed to disclose that [the Petitioner] had, in essence, made a payment of $500 towards the debt and that this fact negated the culpability required to establish a criminal offense. The face of the warrant is the first opportunity a Court has to assess the existence of criminal subject matter jurisdiction. This omission continued to the indictments that issued.

In another section of his brief, the Petitioner further alleges that

> Harpeth Ford engaged in misconduct by seeking a criminal warrant . . . without informing the Magistrate that Harpeth Ford had already received partial payment, in the form of his core exchange, against the check for $2286.99[.] . . . . Had that information been presented, [the Petitioner] contends, the Magistrate would not have issued the arrest warrant and he would not have been indicted.

The Petitioner's argument that the indictment against him was gained upon a defective affidavit of complaint and warrant is without merit. See Carl Eugene Jordan v. State, No. 01C01-9711-CR-00528, 1998 WL 668258, at *5 (Tenn. Crim. App., Nashville, Sept. 29, 1998), perm. to appeal denied, (Tenn. June 28, 1999). If the affidavit of complaint and arrest warrant were invalid and void, that invalidity would not prevent a valid judgment of conviction from being obtained. James Russell Gann v. State, No. 03C01-9707-CR-00274, 1998 WL 334398, at *1 (Tenn. Crim. App., Knoxville, June 25, 1998). Moreover, it is well-settled law that all questions as to the sufficiency of a warrant are foreclosed by the finding of an indictment. Jones v. State, 332 S.W.2d 662, 677 (Tenn. 1960). The Tennessee Supreme Court has also stated that "it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called

---

[3] For the sake of clarity, we have re-ordered the issues from the manner in which they were presented by the Petitioner in his appellate brief.

to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop." Id. This reasoning is also applicable to the Petitioner's claim that the defective affidavit and warrant rendered the indictment against him void. Jordan, 1998 WL 668258, at *5.

In a related claim, the Petitioner contends that the trial court was without jurisdiction to enter convictions for passing worthless checks because the indictment contained no reference to the ten-day notice provision of Tennessee Code Annotated section § 39-14-121. The Petitioner states,

> Absent a reference to the written notice in the indictment, or an explanation for its absence, the indictment would fail to contain "the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet[.]" Smith v. Smith, 612 S.W.2d 493, 497 (Tenn. Ct. App. 1980).

The Petitioner continues,

> What distinguishes [the Petitioner's] written notice argument from being merely a sufficiency of the evidence argument lies in the state's constitutional prohibition for imprisonment for debt. . . .[4] The absence of fraudulent intent in passing a worthless check would by default make the passing of a worthless check a civil matter. Consequently, in order to prosecute, and indeed acquire criminal subject matter jurisdiction over a defendant, the element of fraudulent intent must be evident on the charging instrument to allow both the defendant and the court to know what is intended and enable each to act accordingly.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment is sufficient if it contains the elements of the offense which is intended to be charged, it adequately apprises the accused of the offense he is called upon to defend, the trial judge knows to what offense he must apply the judgment, and the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a future prosecution for the same offense. Carlos L. Rice v. David Mills, Warden, No. W2005-01800-CCA-R3-HC, 2006 WL 433221, at *1 (Tenn. Crim. App., Jackson, Feb. 23, 2006) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), perm. to appeal denied, (Tenn. July 3, 2006).

---

[4] In the Petitioner's post-conviction appeal, this Court concluded that "there is a total lack of evidence in the record to support Petitioner's assertion that he was imprisoned for a civil debt, in violation of Article I, Section 18 of the Constitution of Tennessee." Haynie, 2002 WL 464822, at *7.

Count one of the indictment charged the Petitioner as follows:

[The Petitioner] . . . on the 28th day of July, 1998, before the finding of this presentment, in the County aforesaid, did unlawfully, feloniously, and with fraudulent intent, pass a check for the payment of money drawn upon the First American National Bank, in the amount of $2,286.99, for the purpose of obtaining money, services, or any article of value, to-wit: an engine and parts, knowing at the time of the issuance of said check that the said defendant did not have sufficient funds in or on deposit with the said Bank for the payment of said check for Harpeth Ford-Mercury, and all other checks or orders upon such funds then outstanding, in violation of Tennessee Code Annotated Section 39-14-121[.]

The language of count two was substantially similar except that the amount of the check for parts was $319.62 and the check was drawn on Franklin National Bank.

Tennessee Code Annotated § 39-14-121 (1998) provides in pertinent part as follows:

(a) A person commits an offense who, with fraudulent intent or knowingly:

(1) Issues or passes a check or similar sight order for the payment of money for the purpose of paying any fee, fine, tax, license or obligation to any governmental entity or for the purpose of obtaining money, services, labor, credit or any article of value, knowing at the time there are not sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order, as well as all other checks or orders outstanding at the time of issuance;

. . . .

(b) For purposes of this section, the issuer's or passer's fraudulent intent or knowledge or both of insufficient funds may be inferred if:

(1) The person had no account with the bank or other drawee at the time the person issued or passed the check or similar sight order; or

(2) On presentation within thirty (30) days after issuing or passing the check or similar sight order, payment was refused by the bank or other drawee for lack of funds, insufficient funds or account closed after issuing or passing the check or order, and the issuer or passer fails to make good within ten (10) days after receiving notice of that refusal.

(c) For purposes of subdivision (b)(2), notice shall be in writing, and, if the address is known, sent by certified mail with return receipt requested, and addressed to the issuer or passer at the address shown:

(1) On the check or similar sight order if given; or

(2) If not shown on the check or similar sight order, on the records of the bank or other drawee if available.

(d) If notice is given in accordance with subsection (c), it may be inferred that the notice was received no later than five (5) days after it was mailed.

(e) Notice shall not be required:

(1) In the event the situs of the drawee is not in Tennessee;

(2) If the drawer is not a resident of Tennessee or has left the state at the time such check, draft or order is dishonored; or

(3) If the drawer of such check, draft or order did not have an account with the drawee of such check, draft or order at the time the same was issued or dishonored.

Under this statute, subsection (b) allows an inference of fraudulent intent or knowledge if the defendant had no account with the drawee bank at the time or if the defendant fails to make the check good within ten (10) days after notice of refusal. Tenn. Code. Ann. § 39-14-121, Sentencing Commission Comments.

Our supreme court has stated that "[i]t is well settled in the decisions in this state that the statutory notice itself is not an element of the offense, and failure to pay after receipt thereof is merely one way by which the State may attempt to show fraudulent intent and knowledge of the worthlessness of the check." State v. Merriweather, 625 S.W.2d 256, 258 (Tenn. 1981) (citing Stines v. State, 556 S.W.2d 234 (Tenn. Crim. App. 1977); Jett v. State, 556 S.W.2d 236 (Tenn. Crim. App. 1977)). Additionally, the indictment referenced the statute defining the offense. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000). As such, the indictments against the Petitioner are valid.

## II. Election of remedies

Next, the Petitioner argues that Harpeth Ford, by accepting partial payment, made an election of remedies pursuant to Tennessee Code Annotated section § 47-29-101.[5] Specifically, the Petitioner submits "that Harpeth Ford lost the ability to elect criminal prosecution b[y] accepting partial payment . . . and failing to provide written notice . . . of pending criminal prosecution. . . . Having

_____

[5] Tennessee Code Annotated section 47-29-101(e) (1998) provides that "[a] person must elect whether to pursue the claim either under this section or under title 39, chapter 14, part 1."

-7-

not complied with the criminal statute's notice requirement, and having accepting [sic] payment towards the debt, the only remedy left is the civil statute[.]"

The Petitioner presented this same issue in his post-conviction appeal. In affirming the denial of post-conviction relief, this Court reasoned as follows:

> The crux of Petitioner's argument is that this case became a civil case when Harpeth Ford accepted the engine core from Petitioner after the two checks had been returned from the bank marked "account closed." Therefore, according to Petitioner, the Williamson County Circuit Court did not have subject matter jurisdiction to enter a judgment against Petitioner in the two criminal counts. We disagree. . . . In Petitioner's case, there was no notice to the victim, Harpeth Ford, that the accounts were closed at the time either check was passed by Petitioner to the victim.
>
> In Dishmon [v. Shelby State Community College], the court of appeals held as follows:
>
> > The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of controversy. See Meighan v. U.S. Sprint Communications Co., 924 S.W.2d 632, 639 (Tenn. 1996); Turpin v. Conner Bros. Excavating Co., 761 S.W.2d 296, 297 (Tenn. 1988). Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, see Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977); Brown v. Brown, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. See Hicks v. Hicks, No. 01A01-9309-CH-00417, 1994 WL 108896, at *2 (Tenn. Ct. App. Mar.30, 1994) (No Tenn. R. App. P. 11 application filed).
>
> [Dishmon, 15 S.W.3d 477,] 480 [(Tenn. Ct. App. 1999)].
>
> Tennessee Code Annotated section 16-10-102 explicitly provides that the circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute. See State v. Booher, 978 S.W.2d 953, 597 (Tenn. Crim. App. 1997).
>
> Petitioner's entire argument on this issue essentially asserts that, in his opinion, the State did not have sufficient evidence to prove that he committed the criminal acts of passing two worthless checks. Attacks upon the sufficiency of the evidence are not available to obtain post-conviction relief. See Cole v. State, 798 S.W.2d 261, 264 (Tenn. Crim. App. 1990).

Clearly, the Circuit Court of Williamson County had subject matter jurisdiction to resolve a criminal case wherein the grand jury of Williamson County had charged Petitioner with two counts of violation of the bad check law. The fact that Petitioner considered the matters to be civil, rather than criminal, did not remove the subject matter jurisdiction of the Williamson County Circuit Court. Petitioner is not entitled to relief on this issue.

The Petitioner is likewise not entitled to habeas corpus relief on this ground.

### III. Prosecutorial Misconduct

Finally, the Petitioner argues that the State withheld exculpatory evidence in violation of Brady v. Maryland and that the habeas corpus court erred by dismissing this claim without an evidentiary hearing.[6] The Petitioner "contends that certain misconduct during the course of his prosecution deprived the Trial Court of jurisdiction to convict and sentence him." He further "alleges that the Williamson County District Attorney's office engaged in misconduct by neglecting to provide [the Petitioner's] defense with a copy of the core exchange credit, sales receipts and sales contract before either his plea or sentencing."

A determination of whether a Brady violation occurred in these proceedings cannot be made by an examination of the face of the judgment or record. See Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App., Nashville, Mar. 30, 2006). Even if the Petitioner had been denied the rights identified in Brady, the constitutional violation would have produced a voidable judgment only. Id. The writ of habeas corpus is limited to void judgments. Id. (citing Archer, 851 S.W.2d at 164; see also Arthur L. Armstrong v. State, No. 01C01-9311-CR-00403, 1994 WL 695424, at *4 (Tenn. Crim. App., Nashville, Dec. 8, 1994)). A determination of whether the Petitioner is entitled to relief based on an alleged violation of Brady would require an evidentiary hearing, and this is precisely why habeas corpus relief is not appropriate. See Armstrong, 1994 WL 695424, at *4. Therefore, the habeas corpus court did not err by dismissing this claim.

**CONCLUSION**

In accordance with the foregoing, we affirm the judgment of Davidson County Circuit Court.

_____
DAVID H. WELLES, JUDGE

---

[6] The Petitioner also raised this issue in his post-conviction appeal, but the issue was deemed waived because it was raised for the first time on appeal. See Haynie, 2002 WL 464822, at *8.